## MASON B. LOOMIS

### v.

## L. C. PAINE FREER ET AL.

1. PROMISSORY NOTE — OMISSIONS — CHANCERY JURISDICTION. — The holder of a note in which the words " month " and " I " have been omitted, may fill up the blanks by any words that are necessary to carry out the intention of the parties; and this may be done in a suit at law upon the note; there being a complete remedy at law, a court of chancery has no jurisdiction to entertain a bill to correct the instrument.

2. PRACTICE—CROSS-BILL.—Where an original bill in chancery is dismissed for want of jurisdiction, a cross-bill filed in the same cause, must follow the fate of the original bill.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.   Opinion filed December 8, 1879.

Mr. E. A. OTIS, for appellant; that a purchaser who assumes the payment of an existing mortgage becomes the principal debtor, and the mortgagor is but the surety, cited Jones on Mortgages, § 741; Calvo v. Davis, 15 N. Y. 222; Marsh v. Pike, 10 Paige, 595.

The surety may file a bill to compel the principal to perform his contract: 1 Lead. Cas. in Eq. 143; Ranelaugh v. Hays, 1 Vern. 189; Stephenson v. Tavernen, 9 Gratt. 398; Whitridge v. Durkee, 2 Md. Ch. 442.

A cross-bill is proper when the defendants are entitled to affirmative relief: Jones v. Smith, 14 Ill. 229; Hurd v. Case, 32 Ill. 45; Chicago Artesian Well Co. v. Conn. Mut. Life Ins. Co. 57 Ill. 424; Story's Eq. Pl. § 389.

On a general demurrer, if the complainant is entitled to any relief, the demurrer should be overruled: Crane v. Hutchinson, 3 Bradwell, 34.

Jurisdiction having once attached, a court of equity will entertain the bill and grant relief: 1 Story's Eq. Jur. § 73.

As to the right of a holder to fill up blanks in a note: Boyd v. Brotherson, 10 Wend. 93; Mitchell v. Culver, 7 Cow. 336; Clute v. Small, 17 Wend. 238; Russell v. Langstoffe Doug. 514; Young v. Ward, 21 Ill. 223; Weston v. Myers, 33 Ill. 424; Elliot v. Levings, 54 Ill. 213.

Upon the right of a mortgagor to be subrogated to the rights of the holder of the note: 1 Story's Eq. Jur. § 499; 2 Washburn on Real Prop. * 575.

Mr. FRANK J. CRAWFORD, for appellees; that the relief sought by a cross-bill should be equitable relief, or a demurrer will lie, cited Story's Eq. Pl. § 398; Ballance v. Underhill, 3 Scam. 453; Tobey v. Foreman, 79 Ill. 489; Thompson v. Shoemaker, 61 Ill. 256.

Chancery will not take jurisdiction where there is a complete remedy at law: Imp. Fire Ins. Co. v. Gunning, 81 Ill. 236;

Arbuckle v. Ill. M. Ry. Co. 81 Ill. 429; Hermandez v. Drake, 81 Ill. 34; Victor Scale Co. v. Shurtleff, 81 Ill. 313; County of Clinton v. Schuster, 82 Ill. 137; Dunham v. Miller, 75 Ill. 379; Tobey v. Foreman, 79 Ill. 489; Winchester v. Grosvenor, 48 Ill. 517; Palmer v. Bethard, 66 Ill. 529.

Evidence tending to prove payment may be given under the general issue: Crews v. Bleakley, 16 Ill. 21; Dunham v. Miller, 75 Ill. 379.

By the terms of his covenant, Runyan was bound to indemnify Loomis, and the remedy of the latter is complete at law: Mellens v. Whipple, 1 Gray, 317; Pike v. Brown, 7 Cush. 133; Braman v. Dowse, 12 Cush. 227; Felch v. Taylor, 13 Pick. 133; Corbett v. Waterman, 11 Iowa, 86; Townsend v. Ward, 27 Conn. 614.

In equity the mortgaged estate becomes the primary fund out of which the debt is to be paid: Comstock v. Hitt, 37 Ill. 542; Fowler v. Fay 62 Ill. 375; Townsend v. Ward, 27 Conn. 614; Tweddle v. Tweddle, 2 Bro. C. 101.

Where the grantee of the mortgagor assumes payment of the debt, he is bound to indemnify his grantor: Tichenor v. Dodd, 3 Green. Ch. 455; Woods v. Huntingford 3 Ves. 103; Cumberland v. Codrington, 3 John. Ch. 229; Constat v. Matteson, 22 Ill. 546.

No action lies by the mortgagee on a promise by the purchaser to pay the mortgage debt: Mellen v. Whipple, 1 Gray, 317; Exchange Bank v. Rice, 107 Mass. 41; Carr v. Nat. Security Bank, 107 Mass. 48; Petter v. Peppard, 120 Mass. 522.

Where the security can be legally called upon to pay the debt, he may bring his action at law against the principal: Davis v. The People, 1 Gilm. 409; Shepard v. Ogden, 2 Scam. 257; McConnell v. Dickson, 43 Ill. 99.

As to the right to maintain this bill to correct the note and enforce it: Newlan v. Dunham, 60 Ill. 233; Traynor v. Palmer, 86 Ill. 477; Mercantile Ins. Co. v. Jayne, 87 Ill. 199; Savage v. Berry, 2 Scam. 545; Waterman v. Dutton, 6 Wis. 273; Carter v. Barnes, 26 Ill. 454; McComack v. Sage, 87 Ill. 484; Story's Eq. Jur. § 166; Sibert v. McAvoy, 15 Ill. 106; Ballance v.

Underhill, 3 Scam. 453; Willis v. Henderson, 4 Scam. 18; Mardere v. Palmer, Law Rep. 6 Ch. App. 22.

He who seeks equity must do equity: Anderson v. Fry, 18 Ill. 94; Scott v. Nesbit, 2 Bro. Ch. 641; Mason v. Gardiner, 4 Bro. Ch. 436; Story's Eq. Jur. § 301; Story's Eq. Pl. § 630.

Wilson, J. On the 18th day of July, 1878, L. C. Paine Freer, one of the appellees, filed his bill of complaint in the Superior Court of Cook county, on the chancery side thereof, setting forth in substance that, on the 12th day of July, 1871, appellant Loomis, being indebted to Eben F. Runyan in the sum of $500, executed and delivered to Runyan what was intended to be Loomis' promissory note for five hundred dollars, payable eighty-four months after date, with interest at eight per cent. per annum. The instrument is as follows:

" $500.00.                              Chicago, July 12, 1871.

" On or before eighty-four ——— after date, —— promise to pay to the order of E. F. Runyan, five hundred dollars, with interest at 8 per cent. per annum, value received. Secured by trust deed of even date.               " Mason B. Loomis."

The bill alleges that by mistake and accident the words "months" and "I," were omitted from the instrument. That before its maturity Runyan assigned and delivered said instrument to Freer for a valuable consideration, and that the note is now held and owned by said Freer. That the indebtedness represented by said instrument is now due, and that said mistake was unknown to said Freer at the time he purchased the note.

The bill prays for a correction and reformation of said instrument in writing, by the insertion of the omitted words "months" and "I," and for an account.

Loomis filed a demurrer to the bill, and afterwards filed his answer thereto, reserving in it all rights of demurrer to the bill. In his answer he admits the indebtedness to Runyan and the execution of the instrument set forth and described in the bill, and that it was intended said instrument should be made payable eighty-four months after date, and that the words

"months" and "I" were omitted from said instrument by accident and oversight.

Under the view we take of the case, this is all of the record we deem it important to consider.

The only ground upon which the equitable jurisdiction of the court was invoked was to correct the omission of the words "months" and "I." The instrument was clearly a promissory note, and by the well settled rules of law the omissions could have been supplied by proof in a suit at law upon the note. The rule in relation to filling up blanks in a note in a suit at law is too well settled to require the citation of authorities.

In the case of Boyd v. Brotherson, 8 Wend. 93, which was an action at law, the court held, that where a note is intended to be for eight hundred dollars, and the words hundred dollars are omitted, so that it purports to be for eight ———, the maker, without the assent of the endorser, may insert the words hundred dollars. And Chief Justice Savage says: "The question whether it was the intention of the parties to the note to have the words hundred dollars inserted therein after the word eight, was fairly and properly submitted to the jury, who, by their verdict, said that such was the intention." And it is said, in Edwards on Bills, 94 (side), "Where a blank is left in a note, the intention of the parties is to be ascertained, like any other fact, and is to be passed upon by the jury. Thus, where a note is made and endorsed and committed by the endorser to the maker, leaving the amount blank, it carries with it an authority to fill it up with the sum for which it was intended to be made, and this is an intention to be shown by testimony. If no amount has been specified or agreed upon between the parties, the maker may fill it up with whatever sum he agrees upon."

Mr. Chitty (Chitty on Bills, 79,) says: "Nor is it necessary to the validity of a note that a time of payment should be expressed in it. If none is fixed, it is payable on demand." And in Mechanics' Bank v. Schuyler, cited in 7 Cowen, 336, Sutherland, J., says: "An endorsement on a note in blank, without sum or date, or time of payment, will bind the endorser for any sum, payable at any time, which the person to whom the endorser intrusts it chooses to insert."

Upon the authority of these cases, and an indefinite number of others to which reference might be made, if necessary, there can be no doubt, first, that the holder of the note in question may fill up the blanks by any words that are necessary to carry out the intention of the parties; and, secondly, that this can be done in a suit at law upon the note. Appellee alleges in his bill that the time intended was eighty-four, months, and the defendant in his answer admits that it was to be eighty-four months; and the complainant, in his testimony swears that the words intended were " eighty-four months " and the word "I" to fill the blanks; thus there was no difficulty in making the proof. The remedy was, therefore, complete at law, and the court of chancery had no jurisdiction of the subject-matter of the suit.

As the original bill must be dismissed for want of jurisdiction in the court below, the cross-bill must follow the fate of the original bill. Dows v. City of Chicago, 11 Wallace, 108.

For these reasons, the decree of the court below is reversed and the original bill dismissed, and the cross-bill is dismissed without prejudice.

Reversed.