### LOCKWOOD and others *v.* COLEY.[1]

*(Circuit Court, S. D. Georgia, W. D.  1884.)*

NOTE SIGNED BY AGENT—RECOVERY AGAINST PRINCIPAL.

    In an action on a note signed " J. A. D. Coley, Agt.," the original payee may maintain an action against the principal, who was known and recognized as such in the execution of the note, and who authorized the agent to sign notes in that way in the course of the principal's business. *Merchants' Bank of Macon* v. *Central Bank of Georgia*, 1 Ga. 418, followed.

This was an action on a promissory note dated May 12, 1882, due October 15, 1882, payable to Lockwood, McClintock & Co., or bearer, for $1,114, signed "J. A. D. Coley, Agt." A copy of this note was set out in the petition. The action was against Charlotte T. Coley, and the petition contained an averment that Charlotte T. Coley used and carried on business under the name of "J. A. D. Coley, Agt.," and that with her knowledge and consent the name of "J. A. D. Coley, Agt.," (he being her husband,) was used as a substitute for her own name in executing contracts and negotiable instruments in the course of said business, and as indicative of her contracts and her business. Defendant demurred to the petition on the ground that Charlotte T. Coley could not be sued on a note signed "J. A. D. Coley, Agt."

*Hill & Harris* and *J. A. Thomas*, for plaintiffs.

*W. A. Lofton*, for defendant.

Upon this question the following ruling was made by

LOCKE, J. The demurrer is overruled. The ground of the decision is the case of *Merchants' Bank of Macon* v. *Central Bank of Georgia*, 1 Kelly, (Ga.) 418, 429. That was an action upon a draft payable to

---

[1] Reported by Walter B. Hill, Esq., of the Macon, Georgia, bar.

the order of "Scott Gray, Agt." The suit was against the principal, and the supreme court of the state held that parol evidence was admissible to show that the name of the principal was disclosed at the time of the transaction, and recovery against the principal was sustained. The note here sued on being a Georgia contract, the law is applicable. It seems to be in conflict with the weight of authority elsewhere, but the case in 1 Kelly must be regarded as authority in this case.

The doctrine is said to be well settled that "when a written contract is made by or with an agent, the principal, although undisclosed, may sue or be sued upon it, except in the case of commercial paper."[1] The reason given for this exception by all the authorities is a familiar one—the interests of commerce. A negotiable instrument must be "a courier without luggage." As this is the reason of the rule it should also be its limit. The cases upon the subject are conflicting—"like Swiss troops, fighting on both sides." But the following statements are supported by principle and authority, although the "heaviest battalions" are not on the side of all of them. The cases may be divided into classes, as follows:

(1) Where the note is payable to an agent, and (*a*) the suit is in the name of the agent, and (*b*) the suit is in the name of the principal.

(2) Where the note is signed by the agent without words showing clearly that he is the "mere scribe," and (*a*) the suit is against the agent, and (*b*) the suit is against the unnamed principal.

Taking up these cases in the order named,—

1. (*a*) CASES IN WHICH THE AGENT BRINGS SUIT UPON A NOTE PAYABLE TO HIMSELF AS "AGENT." The legal title in such case is in the individual so named and described, and he is entitled to sue as plaintiff upon the instrument.[2]

(*b*) CASES IN WHICH THE PRINCIPAL SUES UPON SUCH A NOTE. In such cases parol proof is admissible to identify the plaintiff as the owner of the note. Such proof does not contradict the instrument, but only explains the transaction.[3] The result of the foregoing authorities is that either the agent or unnamed principal may sue upon a note made payable to "agent."

As between the original parties, or those taking with full notice of the real character of the party described as "agent," these principles seem clear and satisfactory. In such case, if the suit is in the name of the agent, it would not cut off a defense against the disclosed principal; nor, if it is in the name of the principal, would it cut off a defense against his representative, growing out of the transaction.[4]

2. (*a*) CASES IN WHICH THE NOTE IS SIGNED BY THE AGENT AND THE SUIT IS AGAINST HIM. The defendant seeking to evade personal liability, the English doctrine is that in these cases the agent is personally bound, (unless the liability of the principal is disclosed on the face of the instrument,) and that proof is not admissible as between the maker and payee to show that the latter knew the representative character of the signer and accepted the the paper as the principal's contract.[5] This doctrine has been approved in the case of *Nash* v. *Towne*,[6] and is sustained by a majority of the adjudicated cases; but the true doctrine is that of a later decision by the same court.[7]

[1] Lerned v. Johns, 9 Allen, 419.
[2] Dicey, Part. 135; 2 Daniell, Neg. Inst. §§ 1187, 1188.
[3] Pacific Guano Co. v. Holleman, 12 Fed. Rep. 61; 12 Amer. Dec. 713–715, note;

Baldwin v. Bank of Newbury, 1 Wall. 234.
[4] 2 Whart. Ev. §§ 951, 1061.
[5] Byles, Bills, (6th Ed.) 37.
[6] 5 Wall. 689.
[7] Metcalf v. Williams, 104 U. S. 93, 98.

The rule, which may in any case deserve the odium of being called an estoppel, rests upon the imperative necessity of relieving negotiable instruments of all "*impedimenta.*" Inasmuch as such a note imports a personal liability, *bona fide* transferees thereof (in whose favor the estoppel is created) are entitled to have the same construed according to its clear legal import. This argument has no application and no force as between the original parties and those taking with notice of the facts. *Cessat ratio, cessat lex.* "The ordinary rule, undoubtedly, is that if a person merely adds to the signature of his name the word 'agent,' 'trustee,' 'treasurer,' etc., without disclosing the principal, he is personally bound. The appendix is a mere *descriptio personæ.* It does not of itself make *third persons* chargeable with notice of any representative relation of the signer; but if he be, in fact, a mere agent, trustee, or officer of some principal, and is in the habit of expressing in that way his representative character in his dealings with a particular party who recognizes him in that character, it would be contrary to truth and justice to construe the documents thus made and used as his personal obligation, contrary to the intent of the parties." [1]

The distinction now sought to be made is sustained by the following authorities: 2 Whart. Ev. § 951, 1061, 1058; Byles, Bills, (6th Ed.) 37, note 1; 38, note 1, (top page 63;) *Mott* v. *Hicks,* 1 Cow. 540; *Green* v. *Skeel,* 9 N. Y. 486. As already indicated, the defense of a representative character cannot be urged against third parties who have taken the note without notice of that relation.

(*b*) CASES IN WHICH THE SUIT IS BROUGHT AGAINST THE UNNAMED PRINCIPAL. It seems clear on principle that the original payee of the note is entitled to maintain an action against the real principal upon a security executed by the latter's agent in his known representative relation, and by due authority. The principal case is an authority for this proposition, although it was decided upon the ground merely that the note was a Georgia contract, and upon the authority of the Georgia case. [2] The decision, however, is by the most eminent of the judges of that state,—one whose opinions have been frequently quoted with approval by the text writers and the courts. NISBET, J., says in that case "a party cannot be discharged who is apparently liable on a contract, but a new party may be introduced by parol." [3] The distinction already made is equally important here. An innocent third party taking a note, cannot on the one hand be defeated by any defense which alters the legal import of the character in which the party signs it, nor is he, on the other hand, entitled to take any benefit under any other than its legal construction. But, as between the original parties, and those who by virtue of notice occupy the same footing, the known but unnamed principal may be charged. [4]

There is another exception (although it is only apparently an exception) to the rule that no person can be charged upon a negotiable instrument except the person liable thereon according to its tenor and effect. The principal will be liable if he, by adoption, use the name of his agent, or his agent, by his authority, use his own name as indicative of the principal's contracts. "In such cases the adopted name is in law equivalent to the actual name of the party." [5] There are certain rules peculiar to bills of exchange payable to and by agents which cannot be here noticed. [6] The doctrine of these cases, however, justifies the discrimination which it has been sought in this note to establish: that while, as between third parties, negotiable instruments must be con-

[1] Per BRADLEY, Justice, 104 U. S. 98, 99.
[2] 1 Kelly, 429.
[3] See 2 Whart. Ev. 951.
[4] 2 Whart. Ev. §§ 951, 1061; Moore v. McClure, 15 N. Y. 558.

[5] 1 Daniell, Neg. Inst. §§ 304, 399a.
[6] See 1 Daniell, Neg. Inst. §§ 309–314; Ewell's Evans, Ag. 187.

strued according to their legal import, in the interests of commercial security, yet, as between the original parties and those affected by notice, the real relation of the parties as principal and agent upon notes given to or executed by "A. B., Agent," should be open to proof. ·WALTER B. HILL.

*Macon, Georgia.*