## KRAMER *v.* COHN.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF ARKANSAS.

Submitted November 12, 1886. — Decided December 13, 1886.

A bill in equity by an assignee in bankruptcy against the bankrupt and another person, alleging that the bankrupt, with intent to defraud his creditors, concealed and sold his property, and that he invested the proceeds in a business carried on by him in the name of the other defendant, should, upon a failure to prove the latter allegation, be dismissed, without prejudice to an action at law against the bankrupt.

The case is stated in the opinion of the court.

*Mr. Morris M. Cohn* for appellant.

*Mr. M. H. Sandels (Mr. J. H. Clendening* was with him) for appellees.

MR. JUSTICE GRAY delivered the opinion of the court.

This bill in equity was filed by the assignee in bankruptcy of Isaac Cohn, against him and Mark S. Cohn, alleging that Isaac Cohn, before the adjudication of bankruptcy, and with intent to defraud his creditors, concealed his property and sold it for a large sum of money, and, after obtaining his discharge in bankruptcy, invested that money in a stock of goods, with which he had since carried on business in the name of the other defendant; that this stock in fact consisted of the property so kept back from his creditors, with the increase thereof, and that the other defendant had little, if any, interest therein; and praying for an answer, an injunction, a receiver, an account, and, upon failure to answer and account, for a decree vesting in the plaintiff the title in the stock, and for further relief.

The defendants answered separately upon oath, denying these allegations, and alleging that the business was carried on by Isaac Cohn as clerk of the other defendant, and was wholly owned by the latter.

At the hearing upon pleadings and proofs, the court was of opinion that the plaintiff was entitled to recover against Isaac Cohn, for money and assets fraudulently withheld by him from his assignee in bankruptcy, the sum of $6500, but that the plaintiff had failed to connect the other defendant with the fraudulent withholding of assets; and therefore entered a decree against Isaac Cohn for that sum and costs, but as to the other defendant dismissed the bill with costs.

The plaintiff and Isaac Cohn each filed a petition for a rehearing. The plaintiff's petition was denied. But upon the petition of Isaac Cohn it was ordered that as to him, "it appearing to the court that it is without jurisdiction in this case," the former decree be set aside and the bill be dismissed with costs and without prejudice. The plaintiff appealed to this court.

No reason is shown for sustaining the appeal. So far as the plaintiff's claim was against Isaac Cohn personally, an action at law to recover the value of the property fraudulently concealed and sold by him would afford a full, adequate and complete remedy. The only pretence for resorting to equity was the allegation that the proceeds of that property had been invested in the stock in goods of a business carried on by him in the name of the other defendant, whereby it was sought to affect the latter and the goods with a trust in favor of the creditors of Isaac, and of the plaintiff as representing them. But the proof wholly failed to support that allegation, and showed that the plaintiff had no right of action, except to recover pecuniary damages against Isaac alone. It thus appeared that the plaintiff never had any claim within the cognizance of a court of equity; and the bill was rightly dismissed generally as to the second defendant; and without prejudice to an action at law against the first defendant. *Dowell* v. *Mitchell,* 105 U. S. 430; *Buzard* v. *Houston, ante,* 347, just decided.

*Decree affirmed.*