QUEEN INS. CO. OF AMERICA et al. v.
CITRO.

No. 4624.

Circuit Court of Appeals, Seventh Circuit.
April 7, 1932.

C. Oscar Carlson, Robert J. Folonie, and Hendrik Folonie, all of Chicago, Ill., for appellants Queen Ins. Co. and Firemen's Fund Ins. Co.

Herbert W. Hirsh, Frederick D. Silber, and Samuel Levin, all of Chicago, Ill., for appellants Allemannia Fire Ins. Co. and others.

Irving Breakstone, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

The following questions are presented by this appeal: (1) Is equity without jurisdiction? (2) In the absence of a waiver does

the failure to make proofs of loss within the time required by the several policies constitute a bar to this action? (3) Was there a waiver of appellants as to such proofs of loss? (4) If there was such waiver proven, will that fact be of avail to appellee, in the absence of an allegation of such waiver in the bill? (5) Is the award of the appraisers void by reason of their misconduct? (6) Did the trial court comply with Equity Rule 70½ (28 USCA § 723) in adopting as its own the master's findings of fact, and conclusion of law? (7) Did the trial court err in rendering a joint decree against appellants? Unless the first question be answered in the negative a consideration of the remaining questions will not be necessary.

■ A court of equity will reform an instrument only when necessary to enable a party to assert some right thereunder. Thompson v. Phœnix Insurance Company (C. C.) 25 F. 296.

The only allegations in the bill upon which appellee based his right to equitable relief relate to the reformation of the written agreement to submit to appraisal. He sought to reform that instrument: (1) By inserting the date of its execution. (2) By showing that the instrument was signed by John Citro, not in his individual capacity but as agent and attorney for appellee.

■ The date of an instrument which bears no date, or the true date of an instrument which bears a date, may be shown by parol evidence at law as well as in equity. Lambe v. Manning, 171 Ill. 612, 49 N. E. 509; Thompson v. Schuyler, 2 Gilman (7 Ill.) 271; United States v. Le Baron, 19 How. (60 U. S.) 73, 15 L. Ed. 525. The mere omission of the date of the execution of an instrument does not require reformation to make it enforceable or admissible in evidence, and is not sufficient to give equity jurisdiction, because the remedy at law in that respect is adequate and equally efficient. Loomis v. Freer, 4 Ill. App. 547.

■ A contract made by an agent in his own name may be shown by parol evidence to be that of the principal, where the transaction relates to the affairs of the principal and not to the personal affairs of the agent (Whitney v. Wyman, 101 U. S. 392, 25 L. Ed. 1050; Sun Printing and Publishing Association v. Moore, 183 U. S. 642, 22 S. Ct. 240, 46 L. Ed. 366; Lockwood v. Coley (C. C.) 22 F. 192); and such a contract may be enforced at law by or against the principal, if within the agent's authority, although the agency was undisclosed. Prichard v. Budd (C. C. A.) 76

F. 710; Pope v. Meadow Spring Distilling Company (C. C.) 20 F. 35. It is obvious, therefore, that it was not necessary to reform the instrument in the particulars mentioned in order to enable appellee to assert his rights. Bacon v. Ward, 10 Mass. 141, cited by appellee, was not an equitable proceeding, and it held that a written date is not essential to a contract, and that a false or impossible date may be explained and corrected by extraneous evidence whenever it is important to have the true date ascertained.

■ Appellee insists in his brief, however, that equity has jurisdiction in order to avoid a multiplicity of suits and to provide a more efficient and adequate remedy, but in his bill he makes no mention of those grounds as a basis for equitable relief, as required by Equity Rule 25 (28 USCA § 723). Equitable grounds of relief must be both averred in the bill and established by proof before purely legal rights may be determined by a court of equity. Brauer v. Laughlin, 235 Ill. 265, 85 N. E. 283; Toledo, St. Louis & New Orleans R. R. Co. et al. v. St. Louis & Ohio River Railroad Co. et al., 208 Ill. 623, 70 N. E. 715; Palmer v. Fleming, 1 App. D. C. 528. This objection would be met, however, if appellants by their acts waived their right to object to equitable jurisdiction, as he contends they did, but that contention will be discussed later.

■ In support of the proposition that this court has jurisdiction in order to avoid a multiplicity of suits and to provide a more efficient and adequate remedy, appellee cites Milwaukee Mechanics' Insurance Company v. Ciaccio et al. (C. C. A.) 38 F.(2d) 153, a case decided by this court. In that case appellees had originally instituted five separate actions at law on the policies in suit. They later brought an action in equity against the same five insurance companies to recover for their total loss under all the policies. In the actions at law the companies appeared and, with plaintiffs, stipulated in writing to waive a jury trial. On the trial the court consolidated the law actions and in one trial heard the evidence in the equity suit and, presumably, in the consolidated law actions. It refused to compel the insured to elect whether they would proceed with the law actions or with their suit in equity. A money decree was entered against the appellant company in the equity suit, rather than in the action at law. The court could have transferred the cause from equity to law and entered the same money judgment upon the same evidence. To avoid a multiplicity of

suits was one of the grounds relied upon to invoke equitable jurisdiction. Also, one of the policies contained a misdescription of the property, and as against said company equitable relief was sought in the nature of reformation of that description. That mistake was such as to require reformation, and bears no analogy to the mistakes sought to be corrected in the instant case. There was also a controversy as to whether one of the policies was in force at the time of the fire. The total amount of insurance in force being controverted, and as each policy in force was bound to contribute its proportionate share of the total amount of insurance in force, it was quite necessary for the same court to ascertain that total amount, and to reform the misdescription, in order to afford appellee a complete, efficient and adequate remedy. This a court of law could not do on account of the necessity of a reformation of the description of the property in one of the policies.

In the instant case a similar state of facts does not exist. It has never been denied by the companies that all the policies in suit were in force at the time of the fire, and that the total amount of insurance then in force was $30,000, and the bill pleads no such denial, nor is there evidence to show it. The appellants admitted in their answers that the total amount of insurance in force at the time of the fire was $30,000, and the policies provide explicitly what portion of the total loss each company is to pay, in case there is a liability. That proportion as provided in the policies is based on the total amount of insurance in force at the time of the fire, and can be in no way affected by the inability of any company to pay, nor by any change of conditions since the fire. The liability of any company or companies may be defeated by proof of certain acts occurring since the fire, but such fact can in no manner change the proportions of the amount of total loss due from those who are held liable under the provisions of their respective policies. The liabilities of the several companies therefore are not interrelated or interdependent, and it cannot be said that equity will furnish a more efficient, adequate, and complete remedy for appellee's alleged rights than separate actions at law would furnish. In the Ciaccio case, supra, there were five actions at law involved, and the appeal to equity was largely relied upon in order to avoid a multiplicity of suits, but this court did not rely upon that ground alone to sustain equitable jurisdiction. The instant controversy would require three separate actions

at law, and they would afford appellee a complete, efficient and adequate remedy on the respective policies. That number of actions, under the circumstances, could scarcely be referred to as a multiplicity of suits.

It is contended by appellee, however, that an objection to equity jurisdiction comes too late after reference and proceedings before the master; and he further contends that appellants waived their objection to equitable jurisdiction by demanding equitable relief in their answers, that is to say, they asked that the pretended award of the appraisers be set aside.

As to the first contention, it is sufficient to say that appellants' objection to equity jurisdiction was made at the first opportunity by way of answer, and before reference to the master.

With relation to the effect of appellants' cross-bill on the waiver of equitable jurisdiction, it may be said that a cross-bill filed by defendant will not confer jurisdiction upon a court of equity where no grounds of equitable jurisdiction appear from the bill, or are not established by the proofs, since the cross-bill must follow the fate of the original bill. Dows v. City of Chicago, 11 Wall. (78 U. S.) 108, 20 L. Ed. 65; Cross v. De Valle, 1 Wall. (68 U. S.) 5, 17 L. Ed. 515; Loomis v. Freer, 4 Ill. App. 547. Nor can the fact that appellants participated in the agreement to submit to appraisal of the loss be considered in any manner as a waiver of objection to equitable jurisdiction, because the terms of the policies preclude such a holding.

We hold that no grounds for equitable jurisdiction were either alleged or proven, and that the trial court should have dismissed the bill without prejudice. Fleming v. Reheis, 275 Ill. 132, 113 N. E. 923; Mitchell v. Dowell, 105 U. S. 430, 26 L. Ed. 1142; Kramer v. Cohn, 119 U. S. 355, 7 S. Ct. 277, 30 L. Ed. 439.

The decree of the trial court is reversed, with instructions to dismiss the bill without prejudice.