## CLARK v. CLARK.
### Equity No. 64145.

United States District Court
District of Columbia.

Dec. 22, 1939.

Carl A. Marshall, of Washington, D. C., for plaintiff.

Irving B. Yochelson, of Washington, D. C., for defendant.

LUHRING, Justice.

This cause having been heard on the amended bill, the answer thereto and the

cross-bill of the defendant and answer thereto, the Court makes findings of fact and conclusions of law as follows:

### Findings of Fact.

1. The plaintiff filed her bill of complaint for absolute divorce on the 13th day of April, 1937, alleging desertion. Subsequently, and on the 28th day of September, 1939, she filed her amended bill seeking a divorce on the same ground.

2. The defendant filed his cross-bill for absolute divorce on the 12th day of May, 1937, alleging voluntary separation from bed and board for five consecutive years without cohabitation.

3. The plaintiff and defendant were married in the District of Columbia on the 6th day of September, 1927, and lived and cohabited together as husband and wife in the District of Columbia until the _____ day of June, 1931, on which day they separated and have not lived together as husband and wife since.

4. The plaintiff was not and had not been a bona fide resident of the District of Columbia for at least one year before she filed her complaint for divorce but was and had been a bona fide resident of the State of Maryland with post office address, Ednor, Maryland.

5. The defendant was and had been a bona fide resident of the District of Columbia for at least one year next before he filed his cross-bill for divorce.

### Conclusions of Law.

1. The Court lacks jurisdiction to hear and determine the plaintiff's amended complaint for divorce, and, therefore, the complaint must be dismissed.

2. The Court not having jurisdiction of the original complaint can not entertain the cross-bill, and that bill must follow the fate of the original bill and be dismissed.

Jurisdiction to hear and determine divorces and annulment of marriage is conferred by Tit. 14, § 76, Code D.C., D.C.Code 1940, § 16—416, and it is provided that "the proceedings thereupon shall be the same as in equity causes, * * *."

The Act of August 7, 1935, D.C.Code 1940, § 16—401, provides that "no decree of * * * divorce shall be rendered in favor of anyone who has not been a bona fide resident of the District of Columbia for at least one year next before the application therefor, * * *."

Jurisdiction is not conferred to grant a divorce to a nonresident plaintiff. The parties can not, even by consent, confer jurisdiction. If the Court does not have jurisdiction of the original bill, it does not have jurisdiction of the cross-bill. The cross-bill is treated as a mere auxiliary suit or as a dependency upon the original bill. It does not confer jurisdiction and when the original bill is dismissed for lack of jurisdiction, so also the cross-bill must be dismissed. Dows v. City of Chicago, 11 Wall. 108, 78 U.S. 108, 112, 20 L.Ed. 65; Queen Ins. Co. of America v. Citro, C.C., 58 F.2d 107, 111; Loomis v. Freer, 4 Ill.App. 547.

The amended bill and cross-bill will be dismissed.

Counsel will prepare decree.