Frank Frederick Kalschinski, Also Known as Frank Chinsky, Jr., Appellee, v. Illinois Bankers Life Assurance Company and Margaret Demere, Defendants. (Margaret Demere, Appellant.)

Gen. No. 9,667.

at the May term, 1941.
1941.

Heard in this court
Opinion filed July 9, 1941.

Eva L. Minor, of Kankakee, for appellant.

Harry S. Streeter, of Kankakee, for appellee.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

Frank Frederick Kalschinski, the plaintiff (now appellee), started a suit in the circuit court of Kankakee County, against the defendants, Illinois Bankers Life Assurance Company, a corporation, and Margaret Demere, to recover $2,000 on an insurance policy that the defendant, Illinois Bankers Life Assurance Company had issued to Frank Kalschinski during his lifetime. Frank Kalschinski died on February 1, 1940. The appellee, Frank Frederick Kalschinski, gave notice to the insurance company of the death of his father, and made claim for the $2,000. Margaret Demere also claimed the $2,000 under a benefit certificate which she held, in which she was named as the beneficiary.

The Illinois Bankers Life Assurance Company filed its answer and counterclaim in which it alleged that the original benefit certificate issued to the deceased on November 19, 1919, named Barbara Kalschinski, the wife of Frank Kalschinski, as beneficiary; that on or about November 27, 1926, the said Frank Kalschinski requested that the beneficiary be changed to Margaret Demere, his daughter; that on June 22, 1929, the said Frank Kalschinski made a written waiver of lost policy, and application for a duplicate; that said Frank Kalschinski also represented that said certificate was being withheld by Margaret Demere, and requested that a duplicate policy be issued naming Frank Frederick Kalschinski, his son, as beneficiary; that pursuant to said application, the same was done; that notice of death of Frank Kalschinski was received by the company, and proof duly made by the son on February 8, 1940; that before any action was taken by the company on the plaintiff's claim, that the defendant, Margaret Demere, made inquiry to the company with respect to the original certificate under which she

was made beneficiary. The company further stated that there was $2,000 due on said certificate, and that the company was ready and willing to pay said amount to whomsoever the court determined it was due.

The appellant, Margaret Demere, filed her answer denying that Frank Frederick Kalschinski was entitled to the proceeds of said benefit certificate, and alleged that on November 27, 1926, Frank Kalschinski changed the beneficiary in said policy to her; that thereafter on May 8, 1929, she, at the request of said Frank Kalschinski, loaned him the sum of $1,000 and thereupon her father delivered to her, said certificate as security for said loan; that she took said policy, and kept the same in her possession, and still has it; that at no time did her father or anyone else ask her to return it; that immediately after the death of her father, she notified said company, and for the first time learned that her brother was making claim to the proceeds of said certificate. She further alleged that said insurance company was liable to her in the sum of $2,000.

Before the hearing in court, the insurance company paid to the clerk of the court the sum of $2,000. A hearing was had before the court without a jury, and judgment given for plaintiff for the amount of the insurance. It is from this judgment that Margaret Demere has perfected an appeal to this court.

There is very little dispute in regard to the facts in this case. The evidence shows that Frank Kalschinski Sr., was the father of the appellee, Frank Frederick Kalschinski, and the appellant, Margaret Demere. He died on February 1, 1940. During his lifetime, he became a member of the "Court of Honor," and on November 19, 1919, the said Court of Honor issued to him its benefit certificate in which it agreed to pay to his wife, Barbara Kalschinski, as beneficiary, the sum of $2,000 upon the proof of his death; that Barbara Kalschinski died on November 26, 1926, and on the

application of Frank Kalschinski Sr., the beneficiary in said certificate was changed to the defendant, Margaret Demere; that the certificate naming her as beneficiary, was delivered to her by her father some time in the year 1928, and that she has kept it continually in her possession since that time; that on May 8, 1929, at the request of her father, she loaned him the sum of $1,000 at which time he told her it might be a long time before he would be in a position to repay her, but that she was to hold the policy as security for the loan; that no one at any time ever asked Margaret Demere to return or surrender the said benefit certificate; that after her father's death, she notified the defendants, Illinois Bankers Life Assurance Company (which had in the meantime succeeded the Court of Honor and assumed the liability under said policy), and that then for the first time she learned that another benefit certificate had been issued to her father naming her brother, Frank Kalschinski, the appellee, as the beneficiary therein; that on or about June 22, 1929, Frank Kalschinski Sr., made a written waiver of lost policy, and applied for a duplicate in which he represented that the original certificate was being withheld by Margaret Demere, and that she refused to surrender it; that the company without communicating with Mrs. Demere or making any effort to do so, issued the duplicate policy naming the plaintiff, Frank Kalschinski Jr., as beneficiary; that during the month of July 1927, Frank Kalschinski sent his daughter, Mrs. Demere, a bank draft for $1,000 which she testified was a gift from her father to her; that the $1,000 loaned to her father on May 8, 1929, had never been repaid to her by him.

It is insisted by the appellant that the insured had no right to change the beneficiary from Margaret Demere to the appellee, Frank Kalschinski, because she had loaned her father $1,000 and at the time of making the loan, the father had stated to her, that she

was to continue to hold the insurance policy heretofore delivered to her, as security for her making the loan to him; that by reason of such loan, she had a vested interest in the policy, and without her consent the beneficiary in the policy could not be changed. In the case of *Royal Arcanum v. Tracy*, 169 Ill. 123, at page 127, we find the following: ''Under the charter and laws of the society it may be conceded that a member, where no intervening rights have attached, may surrender a benefit certificate and designate a new beneficiary. It may also be conceded that in the absence of a contract existing between the member and the beneficiary named in the certificate, as a general rule the beneficiary, before the death of the member, has no vested interest in the certificate. But the case made by appellee, as we understand the record, stands upon different grounds. While a certificate like the one in question is not assignable at law, all beneficial interest therein may be transferred in equity. Equitable rights may be acquired in a beneficial certificate which may be enforced in a court of equity. (Bispham's Principles of Equity, chap. 8, 162–167.) Before Tracy obtained the certificate it was agreed between him and his wife that she should advance him $1,500, and that she should be the beneficiary, and the certificate should be turned over to her when he obtained it from the organization. In pursuance of this agreement she paid her husband $1,500 in cash and he turned over the certificate to her, and ever after that it remained in her sole possession and custody. After this agreement was made, the money paid and the certificate turned over, as between Tracy and his wife he had no right whatever to surrender the certificate and have the organization make out a new one payable to another party, and his attempt to do so, based upon a false affidavit, was a fraud on the organization and upon his wife; and his daughters, who are mere volunteers, having advanced nothing, cannot

profit by the fraud of Tracy attempted to be practiced on his wife. The new certificate was obtained through perjury and fraud, and as the daughters can have no standing as innocent purchasers, they are not entitled to be protected as against appellee, who advanced her money on the faith of a contract with her husband.'' This case clearly defines the right of changing a beneficiary in benefit certificates, and has been followed by numerous cases both in the Supreme and Appellate Courts.

It is conceded by the parties to this litigation that a member of a fraternal benefit society where no intervening rights have attached may at his pleasure surrender his benefit certificate, and have a new certificate issued and designate therein a new beneficiary, and that a beneficiary has no vested rights in the certificate during the life of a member by reason of the fact that he has been named as a beneficiary in such certificate. The appellant insists that the evidence clearly shows that she did have a vested interest in this policy, because she had in the year 1929, loaned her father $1,000 and at the time of making the loan, the father had told her to hold the certificate as security for the loan. That the appellant testified to such facts is undisputed, but the appellee contends that such evidence was incompetent, and was not considered by the court in rendering his decision. At the time Margaret Demere gave her testimony, this evidence was objected to by the attorney for appellee, but the objections were all overruled by the court, and the evidence admitted, and it now stands in the record and abstract as part of the evidence in the case. The appellee has not seen fit to assign any cross error in their brief relative to the court's admitting this evidence. The appellant insists that it was competent evidence, as being a part of the *res gestae.* In the case of *Lambe v. Manning,* 171 Ill. 612, the court was considering whether oral evidence could be admitted to explain a

deed. The grantor was Julius M. Warren, and at the time of the institution of the suit, had been dead for two years or more, and the land had been sold by a proceeding in court. At the hearing of the case, the scrivener who drew the deed was called as a witness to state what the grantor had said in regard to the grantees under the deed, having the right to remove gravel from the premises, and in discussing the matter, used this language: "As we said before, it was important to know when, how, by whom and for what purpose the writing was attached to the deed. It was, of course, proper to show who was present and what was done at the time the paper was attached to the deed, but it is urged it was improper to admit the statement of the grantor, Warren, as to the reason why he directed the paper to be fastened to the deed. The declarations were made at the time of the transaction. They accompanied an act of Warren, were explanatory of his motives and intentions in doing the act, and are to be regarded as a 'verbal act,' or as a part of what he did, and were properly received in evidence." In *Lambe v. Manning, supra,* the court cites with approval *Rowley v. Hughes,* 40 Ill. 316, at page 319. The court there states: "The fact that Moore was permitted to testify that Brown, the claimant, had made a contract with him to break eighty acres on each quarter of this land was not improper. The question was one of possession merely, and the intention with which Brown took possession was a proper subject of inquiry, to be established by his own declarations and acts. These acts and declarations made at the time of taking possession are a part of the *res gestae,* and were admissible."

The appellee insists that this evidence was incompetent, as under the statute Margaret Demere was an incompetent witness, and cites numerous cases as supporting this contention. An examination of these cases discloses that some of them were an attempt to show

by the widow of the deceased, conversations which she had had with her husband during their marital relations. No doubt under the statute, as existed at the time these cases were decided, the widow would be an incompetent witness. The other cases are where the heir is suing or defending as an heir of the ancestor, and the cases held that where such a suit is brought by an heir, that the other heirs are not competent to testify.

In the present case the plaintiff is suing the insurance company for money due under an insurance policy, and the defendant, Margaret Demere, is also claiming the proceeds of the insurance policy. It is not a suit involving the estate of Frank Kalschinski, deceased, and the cases cited by the appellant are not applicable. The general rule is, that for declarations to be admissible in evidence as part of the *res gestae,* they must be made in connection with an act proven. Whether the circumstances under which a declaration was made are such as to make it reasonably probable presents a question for the determination of the trial court. The question of admissibility is one of administration, each case being properly decided upon its own facts. And in this regard the trial court should be clothed with a reasonable degree of latitude, since the application of the principle depends on the circumstances of the particular case. (*Johnson v. Swords Co.,* 286 Ill. App. 377.)

It is insisted by the appellee that even if Margaret Demere's testimony had been competent, that it was not worthy of belief, and therefore the court properly found that she was not entitled to the proceeds of this insurance policy. He cites numerous cases in which it is stated that evidence of admissions made by a person since dead should be carefully scrutinized, and the circumstances under which they are alleged to be made should be carefully considered with all the evidence in the case, and that such evidence is liable

to abuse. There are many cases both in the Supreme and Appellate Courts that adhere to this rule, however, the court cannot wholly refuse to consider such evidence when it is uncontradicted, but should consider it with other facts and circumstances in evidence. In the present case it is undisputed that in May 1929, Margaret Demere gave her father a check for $1,000. The father had given the daughter $1,000 in July 1927. The evidence is positive that this $1,000 was a gift, and there is no evidence that the $1,000 received by the father from Margaret Demere in May 1929, was not as she says, a loan from her to her father. It is also uncontradicted that the father had delivered the policy to the daughter, and that she had kept it from the date of delivery until after her father's death; that she had no knowledge of the change of the beneficiary in the policy, and that the father had never made demand upon her for the return of the policy which had been delivered to her. The plaintiff in rebuttal testified to conversations which he had had with his father in regard to the $1,000 which he sent to his daughter in 1927. It seems to us this testimony corroborates Mrs. Demere's testimony that the $1,000 payment was a gift, as it would be a natural thing for the father to help the daughter if she were in financial distress. We think the evidence in this case clearly establishes that Mrs. Demere loaned her father $1,000 in May 1929; that at that time the father told his daughter that she should hold the insurance policy as security for this loan. The father having delivered to his daughter the insurance policy as security for the loan, the daughter then had a vested interest in the policy, and the father had no right to change the beneficiary in his insurance policy without the consent of the daughter, so long as the loan of $1,000 had not been repaid to her.

The judgment of the trial court is hereby reversed, and the cause remanded to said court with directions

to enter judgment in favor of the appellant, Margaret Demere, for the amount of the policy of insurance.

*Reversed and remanded.*

Dove, J., dissents.