Cooper *v.* Smith.

No. 13,420.

## COOPER *v.* SMITH.

PLEADING.—*Answer in Confession and Avoidance.*—An answer in confession and avoidance is not bad for failing to confess the cause of action precisely as it is alleged; it is sufficient if it confess a *prima facie* cause of action.

BANK.—*Suspension of.*—*Deposit of Another's Money in Depositor's Name.*—*Liability.*—One who collects money for another and deposits it in his own name in a bank believed to be solvent, is relieved from liability for loss caused by the failure of the bank if the person entitled to the money, with knowledge of the facts, receives from the depositor the certificate of deposit in satisfaction of the latter's obligation.

SAME.—*Deposit by Gratuitous Collector.*—*Ratification.*—Where one gratuitously collects money for another and in good faith deposits it in his own name in a bank of good repute for solvency, and the person entitled to the money receives the certificate of deposit and ratifies the depositor's acts, with knowledge of all the facts, the latter is not liable for loss caused by the suspension of the bank.

SAME.—*Evidence.*—*Solvency of Bank.*—*Separation of Accounts.*—In such a case, evidence as to the business and solvency of the bank, and that at the time of the deposit the depositor also deposited money of his own, the two accounts being kept separate, was proper.

INSTRUCTIONS TO JURY.—*Detached Clause.*—*Attack Upon.*—An attack upon a detached clause of an instruction will only avail when such clause makes the entire instruction erroneous.

From the Shelby Circuit Court.

*J. B. McFadden,* for appellant.

*T. B. Adams* and *G. W. Wright,* for appellee.

ELLIOTT, C. J.—The appellant alleges in his complaint that he delivered to the appellee for collection a check given by the pension agent of the United States, at Indianapolis; that the appellee undertook to collect it and return the proceeds to the appellant; that he did collect the amount of the check, but, instead of returning the amount collected to the appellant, deposited it in Fletcher & Sharpe's bank, at Indianapolis, in his own name and to his own credit, and

that the bank was then and now is totally insolvent. The third paragraph of the answer admits the receipt and collection of the check, and the deposit of the proceeds in Fletcher & Sharpe's bank; avers that the bank was doing a regular banking business, and that it was then a bank of good repute for solvency and prompt payment of its creditors. This paragraph also avers that the appellee did take a certificate of deposit in his own name, but that he transferred the certificate to the appellant in good faith; that the appellant received it, with full knowledge of all the facts, in full discharge and satisfaction of the obligation incurred by the appellee in receiving the check, and that the appellee received the check and collected the money without the payment or promise of compensation. The admissions of the fourth paragraph of the answer are substantially the same as those of the third, and so are the averments concerning the reputation of the bank. It is averred that the appellant received the certificate of deposit from the appellee with full knowledge of the facts, and approved his acts; that the appellant did not at any time offer to return the certificate of deposit to the appellee, but retained it and finally delivered it to the receiver of the bank, and received the dividends declared due the bank's creditors. The fifth paragraph of the answer contains the same admissions as the third and fourth, and avers that the appellee received and agreed to collect the check as a gratuitous service; that he was requested by the appellant to deposit the proceeds; that he did deposit them in Fletcher & Sharpe's bank; that the bank's reputation for solvency was good; that he delivered and transferred the certificate of deposit to the appellant, who accepted it in full satisfaction of the appellee's obligation.

The answers are sufficient. They confess and avoid the cause of action stated in the complaint. The counsel for appellant is in error in asserting that, to be good, an answer in confession and avoidance must confess the cause of action precisely as it is alleged, for even under the strict rules of

the common law it was sufficient if the plea gave color to the cause of action stated in the declaration. Stephen Plead. (9th Am. ed.) 202. The answers confess a *prima facie* cause of action, and this obviates the appellant's objection even if we hold that the strict rule of the common law governs the case.

The answers avoid, as well as confess, for they show that the appellant received the certificate of deposit with knowledge of all the facts, in full satisfaction of the appellee's obligation. This fact alone relieves the appellee from liability. It would be manifestly unjust to compel the defendant to pay a claim where the plaintiff has accepted and retained a certificate of deposit issued and received under such circumstances as those stated in the answer.

The second paragraph of the reply is addressed to the third, fourth and fifth paragraphs of the answer. It admits the receipt of the certificate of deposit from the appellee, but avers that when it was delivered the appellant was informed by the appellee that he had collected and deposited the money ; that on the evening after the delivery of the certificate, the appellee informed the appellant that the bank had suspended and requested him to keep the certificate ; that in compliance with the direction of the appellee, he did retain the certificate until the 4th day of September, 1884, when he delivered it to the appellee and has not seen it since ; that on the 5th day of that month, he received from the appellee a paper signed by the receiver of the bank, and subsequently, by direction of the appellee, received dividends thereon. It is obvious that this reply is bad. It does not avoid the material averments of any one of the paragraphs of the answer, much less of all, as it professes to do. The averment that the certificate was received in satisfaction of the obligation imposed upon the appellee by his gratuitous act is confessed, but not avoided, and this, of itself, is enough to condemn the pleading. But there are other material allegations in the answers which make them good and the reply bad,

but we deem it only necessary to mention these : The services were rendered without compensation, the reputation of the bank was good, the appellee acted in good faith, and the appellant ratified his acts with full knowledge of all the facts.

Evidence of the business and solvency of Fletcher & Sharpe's bank was competent.

It was proper to permit the appellee to prove that at the time he deposited the proceeds of the appellant's check, he deposited money of his own, and it was proper to allow him to prove that he made the deposits separately.

A clause is taken from the second instruction given by the court and assailed as erroneous, but an assault upon detached clauses is seldom successful, for an instruction is not to be judged in detached clauses, but as an entirety. Where a clause makes the entire instruction erroneous, then such an attack as this will prevail, but it can not prevail here, for taking the instruction as a whole it is quite as favorable to the appellant as he had a right to ask.

We can not disturb the verdict on the evidence.

Judgment affirmed.

Filed June 7, 1889.