### LINDEN INV. CO. v. HONSTAIN BROS. CO.

(Circuit Court of Appeals, Eighth Circuit. February 17, 1915.)

No. 4072.

*(Syllabus by the Court.)*

1. MECHANICS' LIENS ⬧57—INTEREST OF LIENEE—NECESSITY.

A mechanic's lien upon a building for its erection cannot be sustained under the laws of North Dakota, unless the person who contracted for its erection had some title, leasehold, or other estate in the land on which the building was situated, or unless there were existing liens upon it when the labor or materials for which the lien is claimed were furnished.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 64–71, 74; Dec. Dig. ⬧57.]

---

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. EQUITY ☞41—JURISDICTION—RELIEF AT LAW.

When upon a hearing in a suit in equity the right to all equitable relief on a cause of action entirely fails, a court of equity is without jurisdiction to retain the case, try issues at law, and grant incidental or other relief thereon.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 116–118; Dec. Dig. ☞41.]

3. EQUITY ☞41—JURISDICTION—RELIEF AT LAW.

While No. 23 of the Equity Rules of 1912 (198 Fed. xxiv, 115 C. C. A. xxiv) authorizes the decision of a matter ordinarily determinable at law in a suit in equity when there is jurisdiction to grant equitable relief upon the cause of action in suit, it does not authorize such a determination when jurisdiction of the cause of action in equity has entirely failed, and section 723 of the Revised Statutes grants to each of the parties the right of the trial of the matter by a jury according to the course of the common law.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 116–118; Dec. Dig. ☞41.]

Appeal from the District Court of the United States for the District of North Dakota; Charles F. Amidon, Judge.

Suit by the Honstain Bros. Company, a corporation, against the Linden Investment Company, a corporation. From decree for plaintiff, defendant appeals. Reversed and remanded, with directions.

Edward Engerud, Daniel B. Holt, and John S. Frame, all of Fargo, N. D. (George M. Price, of Langdon, N. D., on the brief), for appellant.

Rourke & Kvello, of Lisbon, N. D., for appellee.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal from a decree of foreclosure of two mechanics' liens upon two elevators in North Dakota situated respectively at Wales and at Mowbray. It is based upon a complaint upon two separate causes of action, one for the foreclosure of an alleged mechanic's lien upon the Wales elevator and the other for the foreclosure of a mechanic's lien upon the Mowbray elevator. Each cause of action is entirely separate and independent of the other. It is conceded in this court that there was no error in that part of the decree which establishes and forecloses the alleged mechanic's lien upon the Wales elevator, but the portion of the decree which adjudges the defendant below, the Linden Investment Company, a corporation, indebted to the plaintiff below, Honstain Bros. Company, a corporation, on account of the Mowbray elevator, establishes a mechanic's lien upon it, and adjudges a foreclosure thereof, is assigned as error upon two grounds: That the evidence does not sustain the conclusion that the Investment Company ever contracted with or employed the Honstain Company to build that elevator as alleged in the complaint, and that there was no averment in the complaint and no evidence at the hearing that the Investment Company ever owned or had any right, title, leasehold, or other interest in the land on which the Mowbray elevator was situated.

[1] In the view which the statutes of North Dakota and the decisions of the Supreme Court of that state have constrained us to take of

the second objection, it is unnecessary to consider the first. A mechanic's lien is the creature of statute. If no statute authorizes it, it cannot be, and the construction by the highest judicial tribunal of the state of a statute of that state is, in the absence of any question of violation of the Constitution or acts of Congress of the United States, controlling in the federal courts. The statutes of North Dakota provide that any person who performs labor or furnishes materials for the construction of any building upon land under a contract with the owner of such land shall, upon filing his claim of lien, etc., according to the statutes of that state, have a lien upon such building and upon the land belonging to such owner on which the same is situated (Revised Codes of North Dakota 1905, § 6237), that the entire land upon which any such building is situated shall be subject to all liens created by this chapter to the extent of all the right, title, and interest owned therein by the owner thereof (section 6243), and that "every person for whose immediate use and benefit any building, erection or improvement is made, having the capacity to contract, including guardians of minors or other persons shall be included in the word 'owner' thereof" (section 6248).

Counsel for the Honstain Company cite the last section in support of their contention that the company is entitled to a mechanic's lien upon the Mowbray elevator in the absence of any title or interest of the Investment Company in the land upon which it stands. This section 6248 has been in force in North Dakota since 1877. It was section 669 of the Code of Civil Procedure of 1877, section 4798 of the Revised Code of 1899, and section 6828 of the Compiled Laws. It is conceded that there was a time in 1895, when, under the statutes of North Dakota as they then stood, it was possible to secure a mechanic's lien thereunder and to sell and remove a building from the land on which it was situated, although the owner of the building had no title to or interest in the land. But the Supreme Court of North Dakota deliberately and exhaustively considered, and then construed, this section and the other provisions of these statutes in the year 1900, and held that prior to that time the statutes of that state, as they existed in 1895, had been so changed that such a proceeding was unauthorized in that state, and that one could not maintain or foreclose a mechanic's lien upon a building alone, and sell the same separate and apart from the land on which it was situated, unless the lienee had a leasehold on the land which had been forfeited, or there were existing liens upon the land when he furnished the labor or material for which he claimed his lien. After an extended discussion of the question that court has made its decision and stated its conclusion in these words:

"As the law now stands in this state, no mechanic's lien can attach to the building or the land, unless the party for whose immediate use and benefit the building is erected has some estate or interest in the land." Gull River Lumber Co. v. Briggs, 9 N. D. 485, 488, 489, 84 N. W. 349, 350; Green v. Tenold, 14 N. D. 46, 49, 103 N. W. 398, 116 Am. St. Rep. 638.

These decisions are decisive of the question of law presented in this case. There was no pleading or proof that the Investment Company ever had any title, leasehold, or other estate in the land on which the Mowbray elevator was situated, nor was there any proof that there

were any existing liens upon the land or the elevator when the Honstain Company furnished the labor and materials for which it claimed a lien, or at any other time, and the decree against the Investment Company for a mechanic's lien upon that elevator cannot be sustained. The decree below must therefore be reversed, and the case must be remanded to the court below, with directions to enter a decree for the foreclosure of the mechanic's lien upon the Wales elevator and upon the title and interest of the Investment Company in its site, and to dismiss the complaint as to the second cause of action relating to the Mowbray elevator without prejudice to an action at law by the plaintiff to recover of the Investment Company the amount which it claims that company owes it for the erection of that elevator.

[2] Counsel for the plaintiff argue that the court below should determine and give judgment upon the claim of the plaintiff for the amount it alleges the Investment Company owes it on account of the construction of the Mowbray elevator. But the right to the establishment and foreclosure of the alleged mechanic's lien upon this elevator is the only ground of equity jurisdiction invoked by the second cause of action which is independent of the first and relates solely to the mechanic's lien upon that elevator. And as that ground does not exist there is no jurisdiction in equity of that cause of action remaining. The plaintiff's claim to recover the amount it asserts the defendant promised to pay it for the erection of the Mowbray elevator is a purely legal cause of action, upon which the defendant has the right to a trial by jury under the acts of Congress (Revised Statutes, § 723), and when upon the hearing of a suit in equity the right to all equitable relief upon an independent cause of action entirely fails the court of equity is without jurisdiction to retain the cause and try issues at law and grant incidental or other relief thereon. Mitchell v. Dowell, 105 U. S. 430, 432, 26 L. Ed. 1142; Russell v. Clarke's Executors, 7 Cranch, 69, 3 L. Ed. 271; Kramer v. Cohn, 119 U. S. 355, 357, 7 Sup. Ct. 277, 30 L. Ed. 439; Alger v. Anderson (C. C.) 92 Fed. 696, 710; Lewis Publishing Co. v. Wyman (C. C.) 168 Fed. 756, 762.

[3] Nor does Equity Rule 23 (198 Fed. xxiv, 115 C. C. A. xxiv) of the Rules of 1912 authorize such a trial and decree. While this rule permits the decision of a matter ordinarily determinable at law in a suit in equity when there remains jurisdiction to grant equitable relief upon the cause of action in suit, it does not authorize such a determination when jurisdiction of the cause in equity has entirely failed, and section 723 of the Revised Statutes grants to each of the parties the right to the trial of the matter by a jury according to the course of the common law.

Let the decree be reversed, and let the case be remanded to the court below, with directions to enter a decree in accordance with the views expressed in this opinion.

SMITH, Circuit Judge. I concur in the result in the foregoing upon the ground that the evidence does not sustain the conclusion that the Linden Company ever contracted with or employed the Honstain Company to build the elevator at Mowbray, but do not concur in the reasons assigned in the foregoing opinion.