AMERICAN FALLS MILLING CO. v. STANDARD BROKERAGE & DISTRIBUTING CO.

(Circuit Court of Appeals, Eighth Circuit. January 26, 1918.)

No. 4969.

1. EQUITY ☞41—JURISDICTION—RETENTION AFTER DENIAL OF INJUNCTION.
    Under Judicial Code (Act March 3, 1911, c. 231) § 267, 36 Stat. 1163 (Comp. St. 1916, § 1244), providing that suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law, a court of equity, after denial of an injunction, which was the only equitable relief sought, has no jurisdiction to proceed with the cause for the purpose of awarding damages to complainant, but the cause should be transferred to the law side of the court, pursuant to equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv).

2. EQUITY ⬤⇒41—JURISDICTION.

> Where the only equitable relief sought, which was an injunction, was denied, a court of equity is without jurisdiction to retain the cause and award complainant damages; equity rule 23 (198 Fed. xxiv, 115 C. C. A. xxiv) declaring that if, in a suit in equity, a matter ordinarily determinable at law arises, such matter shall be determined according to the principles applicable, without sending the case to the law side of the court, applying only to a case wherein the court of equity has jurisdiction.

Appeal from the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Bill by the Standard Brokerage & Distributing Company against the American Falls Milling Company. Injunction prayed for was denied, and from a decree awarding damages to complainant, defendant appeals. Decree affirmed as to denial of injunction, but otherwise reversed, with directions to transfer trial of the issues relating to damages to the law side of the court.

J. D. Skeen, of Salt Lake City, Utah (O. R. Baum, of American Falls, Idaho, and D. A. Skeen, of Salt Lake City, Utah, on the brief), for appellant.

Charles C. Dey, of Salt Lake City, Utah (A. L. Hoppaugh and Harold P. Fabian, both of Salt Lake City, Utah, on the brief), for appellee.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

MUNGER, District Judge. Appellee was a merchandise brokerage company having its place of business at Salt Lake City, Utah, and appellant was a milling company having its mill in Idaho. The brokerage company, hereinafter referred to as plaintiff, brought suit against the milling company, hereinafter called defendant, alleging that it had a contract for the exclusive sale of defendant's products in Utah, which the defendant had violated by making sales directly to customers, and praying for an injunction against further violation of the contract and for damages because of the sales defendant had made. A decree was rendered denying the injunction, but awarding damages to plaintiff because of sales made by the defendant. None of the testimony given on the trial is preserved in the record, and the questions presented arise upon the face of the pleadings and decree.

[1, 2] The denial of the injunction refused the only equitable relief asked by plaintiff. Under the allegations of the pleadings, this denial must be taken as a finding that the proofs did not entitle plaintiff to an injunction when the bill was filed, as there were no allegations showing any change of status after the bill was filed. The relief that is asked by the plaintiff, other than the injunction, is for damages for breach of contract, a purely legal demand. Section 267 of the Judicial Code provides that:

"Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law." Comp. St. 1916, § 1244.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appellant complains because it was entitled to the judgment of a jury on the issues found by the court. When a cause of action cognizable at law is entertained in equity, because of some equitable relief sought by the bill, and the proofs fail to establish the right to such equitable relief at the time the suit was brought, the court is without jurisdiction to proceed further and to try the issues at law. Mitchell v. Dowell, 105 U. S. 430, 432, 26 L. Ed. 1142; Russell v. Clarke's Executors, 7 Cranch, *69, *91, 3 L. Ed. 271; Kramer v. Cohn, 119 U. S. 355, 357, 7 Sup. Ct. 277, 30 L. Ed. 439; Buzard v. Houston, 119 U. S. 347, 354, 7 Sup. Ct. 249, 30 L. Ed. 451; Lewis v. Cocks, 23 Wall. 466, 469, 23 L. Ed. 70; Clark v. Wooster, 119 U. S. 322, 325, 7 Sup. Ct. 217, 30 L. Ed. 392; Linden Inv. Co. v. Honstain Bros. Co., 221 Fed. 178–181, 136 C. C. A. 121; Alger v. Anderson (C. C.) 92 Fed. 696–710; Lewis Pub. Co. v. Wyman (C. C.) 168 Fed. 756, 762; 1 Pom. Eq. Jur. (3d Ed.) § 237; Union Stockyards Co. v. Nashville Packing Co., 140 Fed. 701, 706, 72 C. C. A. 195; Van Raalt v. Schneck (C. C.) 159 Fed. 248, 251. See, also, case note in 19 L. R. A. (N. S.) 1064, 1066. The action was not maintainable under equity rule 23 (198 Fed. xxiv, 115 C. C. A. xxiv), because that rule only applies to a case wherein a court of equity has jurisdiction, and does not confer jurisdiction of actions cognizable at law. Linden Inv. Co. v. Honstain Bros. Co., supra; Vosburg Co. v. Watts, 221 Fed. 402–408, 137 C. C. A. 272.

The decree of the lower court will be affirmed as to the denial of the injunction, but otherwise reversed, with directions to transfer the trial of the issues relating to damages to the law side of the court, in accordance with the provisions of equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv).