HONSTAIN BROTHERS COMPANY, a Corporation, Plaintiff and Respondent, v. LINDEN INVESTMENT COMPANY, a Corporation, and Joseph Power and E. I. Donovan, Defendants, and E. I. DONOVAN, Appellant.

(177 N. W. 114.)

**Contracts — capacity cannot be questioned if dimensions are as specified — particular descriptions qualify those which are general.**

In this case it appears that defendant Donovan owned two lots in Mowbray, North Dakota, and in the year 1908 he contracted with the plaintiff to construct on said lots a grain elevator of specified dimensions, in accordance with plans and specifications, to be of 40,000 bushels capacity. Donovan agreed to pay for the same $7,000, excess freight $240.27 and one sieve, $20.50, making $7,260.77. He has paid in all $4,154.60. The balance due is $3,106.17, for which judgment is ordered, with costs. The defense was that the elevator had not a capacity of 40,000 bushels. It is *held:* Particular descriptions qualify those which are general; that expressions of quantity must yield to particular descriptions; that descriptive words, with definite and certain meaning, control the expressions of quantity.

Opinion filed December 2, 1919. On Rehearing March 15, 1920.

Appeal from the District Court of Cavalier County, Honorable *Chas. M. Cooley,* Special Judge.

Modified and affirmed.

*Geo. M. Price,* for appellant.

"The name of the person by whom the claimant was employed, or to whom he furnished the materials, must be stated in the claim of the lien." Bloom, Mechanic's Liens, p. 381; Hogan v. Bigler, 96 Pac. 97; Maderia Flume Co. v. Kendall, 52 Pac. 304.

A mechanic's lien being a creature of statute, every step prescribed by statute must be shown to have been substantially followed, or the lien does not exist. Stoltze v. Hurd, 20 N. D. 412.

A party who sues on a special contract to recover compensation alleged to be due on its performance must show performance. 9 Cyc. 757–759; Braseth v. State Bank, 12 N. D. 486; Kupper v. McConville, 35 N. D. 622.

The mere fact of taking possession of the building does not of itself amount to an acceptance of the same by the owner, as having been erected according to the contract. Anderson v. Todd, 8 N. D. 158.

*Kvello & Adams* and *Jesse Van Valkenburg,* for respondent.

Every person for whose immediate use and benefit any building, erection, or improvement is made, having the capacity to contract, including guardians of minors or other persons, shall be included in the words "owner thereof." N. D. Rev. Codes 1905, § 6248; Johnson v. Soliday, 19 N. D. 465, 126 N. W. 99.

The owner shall be presumed to have consented to the doing of any such labor or the making of any such improvement, if at the time he had knowledge thereof, and did not give notice of his objection thereto to the person entitled to the lien. Rev. Codes 1905, § 6237; Turner v. St. John, 8 N. D. 245, 78 N. W. 345.

Where a lien statement contains all the requirements of law, it is not necessarily fatally defective because it contains more. John Paul Lumber Co. v. Hormel, 61 Minn. 303, 63 N. W. 718; Lindquist v. Young, 138 N. W. 28; Barndt v. Parks, 115 N. W. 197.

Robinson, J. The plaintiff brings this action to recover the balance for the construction of a grain elevator at Mowbray. For such construction Donovan agreed to pay $7,000 and the excess freight over and above the cost of laying down the material at Wales, North Dakota. Such excess freight was $240.27; one sieve was $20.50; the total was $7,260.77. Defendant paid, by check, $4,000; he paid on freight $144.60, and he was given credit for unloading stone $10. The total

credit is $4,154.60. The balance due is $3,106.17, which is the sum plaintiff is entitled to recover, with interest from October 18, 1908, until July 1, 1915, at 7 per cent a year, and after that, with simple interest at 6 per cent a year.

As it seems, the demand of the complaint is for a lesser sum, but in this case, where the parties have answered and made positive proof of the amount due, the demand is immaterial. Comp. Laws, § 7680. The district court made findings and judgment against Donovan, and he appeals to this court and demands a trial *de novo.*

It is certain that in the year 1908 the elevator was built for and at the request of Donovan. It was completed and turned over to him on October 18, 1908, and he accepted it without any objection, and since then he has continued to use it, and if used to its full capacity, it. has probably paid for itself every year. There is really no dispute concerning the facts, and the only defense is that the elevator has not a capacity of 40,000 bushels. It was built strictly in accordance with written plans and specifications and blue prints, and under the supervision of a party who represented Powers & Donovan. (46) Under the head "Size and Design" the specification reads thus: "The elevator is to be 32 x 39 feet on the ground and cribbed to a height of 45 feet to the eaves and 4 feet higher in the center above the eaves, making in all 49 feet." At the foot of the specification there is added this memoranda of agreement: "It is understood and agreed that these plans and specifications are a duplicate of the elevator that Honstain Brothers Company are now building at Langdon for the Farm Elevator Company, except that the farm elevator is. to be 60,000 bushels capacity, and the elevator for the Linden Investment Company is to be 40,000 bushels capacity." Now it appears from computation that the metes and bounds of the elevator, as given in the specification, do include a number of cubic feet equal about 40,000 bushels, but because of partitions, bins, and a large hallway, the working capacity of the elevator was only about 35,000 bushels. And the contention is that under the terms of the written contract defendant was entitled to an elevator with a working capacity of 40,000 bushels, regardless of the specified dimensions or the metes and bounds. There is no showing that the Langdon elevator had a working capacity of 60,000 bushels, and the chances are that it had no such capacity, and there is no claim

that, in making the oral contract for the elevator, a word was ever said concerning its capacity. It seems the capacity clause was inserted merely by way of description, and not as a contract to make the elevator wider, longer, or higher than the specified number of feet. If the elevator had varied from the particular description—the width, the length, and the height, as given in the specification—then the plaintiff might have objected that it did not conform to the contract. In such a case the particular description controls that which is general.

Maxim, § 7268. "Particular expressions qualify those which are general." "Thus in conveyances of land the words merely expressive of quantity must yield to a particular description by metes and bounds." 27 Cyc. 1138. "The statement of quantity is considered the most uncertain of a description, and when inconsistent with boundaries, courses, and distances, quantity must be rejected." Kruse v. Scripps, 11 Ill. 98.

"In conveyances, descriptive words, when definite and certain, are to be looked to rather than words expressing quantity." Maguire v. Bissell, 119 Ind. 345, 21 N. E. 326.

Clearly it was not the intention of the parties to contract that the specified length, width, and height of the building should be extended so as to make it contain a specified number of bushels. If such had been the intention, then it should have been clearly expressel in words. Hence, on all the evidence, we must conclude that the building was constructed in accordance with the contract and the plans and specifications.

Concerning the mechanic's lien, there is some question as to its validity, but it is of slight importance, as the defendant is perfectly responsible, and he has given bonds to pay the judgment. However, it appears that Donovan owned the lots on which he caused the building to be constructed, and, under the statute, the plaintiff had a right to a lien on the lots and the building, even without the filing of a lien. The purpose of filing a lien is to give notice to subsequent purchasers and encumbrancers. The contract was to erect a building on lots 1 and 2, sec. 25, township 164 of range 61, in Cavalier county, North Dakota. The building was duly erected, and there is no question concerning the price, the excess freight, or the payments. For some eleven years Donovan has had the use of the good building and the use of the

balance due for a low rate of simple interest. His love of litigation must have been quite fully satisfied. Now the seal of the court should be given to his love of honesty. The judgment of the court must be that the plaintiff do have and recover from the defendant E. I. Donovan the sum of $3,106.17, with simple interest on the same, at 7 per cent a year from October 18, 1908, to July 1, 1915, and after that, with simple interest at 6 per cent a year, with the costs of the action and the costs of the appeal; and that the plaintiff may issue a general execution for the collection of the same; also, that, for the amount so adjudged to be due, the plaintiff shall have a lien on said lots 1 and 2, and may cause the same to be sold under a special execution, as provided by law.

Let judgment be entered accordingly.

Modified and affirmed, with costs.

CHRISTIANSON, Ch. J., concurs.

GRACE, J. I concur in the result.

BIRDZELL, J. In my opinion the judgment appealed from should be affirmed without modification.

BRONSON, J. I dissent. In my opinion the majority opinion is attempting to demonstrate that two and two make something different than four. Further than that in accordance to the holding of the majority opinion, there is awarded to the plaintiff a greater amount than he demanded in the complaint even after the complaint was amended by the plaintiff in the trial court increasing the amount thereof. As I understand it this court, in the exercise of its original jurisdiction, must consider the record upon the issues as framed, upon pleadings submitted in the trial court, and that it is neither the time nor the place in this court to frame new issues or to submit new pleadings.

This is an action to recover the balance due for the construction of an elevator and to foreclose a mechanic's lien thereupon. From a judgment of the district court entered in favor of the respondent and against the appellant, Donovan, for $3,451.66, interests and costs included,

and for foreclosure of mechanic's lien thereupon, the defendant Donovan has appealed and demands a trial *de novo*. In August, 1908, the respondent entered into contracts for the construction of an elevator of 40,000 bushels capacity, at Wales, North Dakota, and for a duplicate elevator, at Mowbray, North Dakota, of like capacity. The construction price agreed upon for the elevator at Wales, North Dakota, was $7,000 and for the elevator at Mowbray, North Dakota, likewise $7,000, plus excess freight charges for securing the delivery of materials at said Mowbray. These elevators were constructed in the year 1908. Difficulties having arisen between the parties concerning the payment of the construction prices, the respondent filed a mechanic's lien against the elevator at Wales, claiming a lien upon such elevator in the sum of $2,199.63, principal, as against the Linden Investment Company, as owner of the property and the party chargeable with the debt for the construction thereof. Said respondent also filed a mechanic's lien against the Mowbray elevator, upon the building alone, for the sum of $2,106.17 principal, as against said Linden Investment Company as the owner thereof and the party chargeable with the debt. Thereafter, in the circuit court of the United States, an action was commenced by the respondent against such Linden Investment Company, setting up two causes of action, seeking to recover the balance of the construction debt for each of such elevators and for the foreclosure of the respective mechanics' liens thereupon. In that action, the Investment Company answered, presenting the issue that, as to the first cause of action concerning the Wales elevator, the construction thereof was not pursuant to contract in that the elevator, as constructed, was of less capacity than that agreed upon between the parties, and that, as to the second cause of action, the appellant herein, Donovan, was the person with whom the respondent made the contract, and chargeable with the debt.

After the trial in the United States circuit court, judgment was finally rendered in May, 1913, against the Linden Investment Company upon both causes of action, for $3,614.57, being principal and interest less $1,270 damages, for failure of the respondent herein to construct the elevator pursuant to contract.

This case appealed to the United States circuit court of appeals, and, subsequently, in January, 1916, the judgment of the United

States circuit court was modified (see 136 C. C. A. 121, 221 Fed. 178, 181); the judgment, covering the second cause of action upon the Mowbray elevator, was dismissed without prejudice to commence another action; the judgment concerning the first cause of action upon the Wales elevator was affirmed and judgment ordered for $1,367.92 (with interest included, being $1,807.19, or one half of the award made in the circuit court). This judgment so rendered necessarily included a deduction of $635 allowed for damages through failure to construct pursuant to contract. This action accordingly was subsequently commenced in July, 1914, in the district court of Cavalier county, against said Linden Investment Company and the appellant herein, Donovan, to recover for the construction price of such Mowbray elevator, and for the foreclosure of the mechanic's lien thereupon. Trial was there had in December, 1917. Subsequently, in March, 1919, the trial court made its findings and conclusions determining the amount of the indebtedness due the respondent to be $3,106.17, from which should be deducted $900 as an offset, for damages sustained by the appellant for the failure to construct the elevator pursuant to contract, but, as the amended complaint demanded only the sum of $2,845.40, judgment accordingly was ordered for the respondent, and against the appellant, for $1,945.40 principal, instead of $2,206.17, and for foreclosure of the lien. The action was dismissed as to said Linden Investment Company. From the judgment so entered on such findings, this appeal is prosecuted. The appellant caused to be filed a supersedeas bond and a bond under § 7709, Comp. Laws 1913. Pursuant thereto the trial court, in January, 1919, released this judgment against the appellant as a lien upon his real estate in Cavalier county, North Dakota. The appellant herein challenges the judgment so rendered in the trial court, principally upon the ground that the trial court has erroneously computed the amount due the respondent, and has failed to give credit to the respondent for $803.29, that has been paid and received by the respondent upon the debt involved in the construction of these elevators, and upon the further ground that the lien of the respondent is invalid, and that by reason thereof the appellant was entitled to a jury trial. The appellant concedes that the dismissal of the action as against the Linden Investment Company was correct. The question before this court therefore involves, principally,

a problem in arithmetic. The respondent contends that the correct amount due for the Mowbray elevator is $3,106.17. The appellant contends that the correct amount due is the sum of $2,302.88, less whatever amount should be deducted for failure to construct in accordance with the contract. Various computations are made in the briefs.

Manifestly the amount that the respondent should be entitled to receive for the construction of these elevators is the contract price for both of them less the amount that has been paid upon such construction price, by personal payments, through the judgment of the United States courts, or by deductions to be made concerning the Mowbray elevator for failure to construct in accordance with the contract. The respondent does not dispute the statement rendered by it covering the balance due for the construction of these elevators, which was the basis of the causes of action instituted in the United States circuit court. This statement is as follows:

| | | |
|---|---|---|
| Contract at Wales, N. Dak. | $7,000.00 | |
| Tester & Sieves | 20.50 | |
| | | $7,020.50 |
| Contract at Mowbray, N. Dak. | $7,000.00 | |
| Tester & Sieves | 20.50 | $7,020.50 |
| Extra freight at Mowbray | | 240.27 |
| | | $14,281.27 |

Credits.

| | | |
|---|---|---|
| Freight paid at Wales | $820.87 | |
| Freight paid at Mowbray | 144.60 | |
| Sept. 14th check | 1,000.00 | |
| " 19th " | 1,000.00 | |
| Oct. 9th " | 1,000.00 | |
| " 17th " | 2,000.00 | |
| Nov. 10th " | 4,000.00 | |
| Unloading 2 cars stone | 10.00 | 9,975.47 |
| Balance | | $4,305.80 |

This showed a balance of $4,305.80, unpaid principal.  In the United States courts, the amount due for the Wales elevator is finally determined to be $2,002.92, less $635 damages, leaving as a net amount $1,367.93 principal.  Clearly this amount was paid pursuant to the Federal judgment on such balance existing for the construction of both of said elevators.  This accordingly left a balance of $2,302.88.  The trial court was awarded $900 for breach of the construction contract through failure to construct at Mowbray an elevator of the capacity agreed upon.  The trial court has determined that the specifications in the contract for the construction of the elevator at Mowbray covering the specific sizes of such elevator did not express the real agreement of the parties, for the reason that such specifications as to the dimensions provided for an elevator of only 32,000 bushels capacity, instead of 40,000 bushel capacity, as the parties really intended and so agreed; and that the appellant, Donovan, relied upon the assurance and representations of the respondent in regard to such contract concerning the capacity of the elevator to be constructed.  In view of the controverted questions of fact in the record we are not disposed to disturb the finding of the trial court in that regard.

The following is therefore the statement of the account between the parties, *viz.*:

| Dr. | Balance due for construction of both elevators pursuant to statement rendered by respondent, principal .................................. | | $4,305.80 |
|---|---|---|---|
| Cr. | Federal court judgment | | |
| | Principal ........................ | $1,367.92 | |
| | Damages ........................ | 635.00 | |
| | Total ........................ | $2,002.92 | |
| | Damages for failure to build elevator at Mowbray of the agreed capacity, as allowed by trial court ........................ | 900.00 | |
| | Total .................................... | | $2,902.92 |
| | Balance due, principal, ........................ | | $1,402.88 |

The question of the validity or invalidity of the mechanic's lien is immaterial in this appeal.  The real question of litigation before this

court is the amount due the respondent; the lien of the judgment by the trial court already has been released by the filing of the bond mentioned. The appellant did not specifically request a trial by jury for the appellant, Donovan, in the trial court. Even though the lien were invalid, a money judgment might be approved and affirmed before this court in such action. McCormack v. Phillips, 4 Dak. 506, 34 N. W. 29; Moher v. Rasmusson, 12 N. D. 71, 74, 95 N. W. 152; Smith v. Gill, 37 Minn. 455, 35 N. W. 178; 27 Cyc. 473. The judgment of the trial court should be modified and be entered as modified in the trial court for the sum of $1,402.88, with interest thereupon at 7 per cent per annum from October 14, 1908, until July 1, 1915, and at the rate of 6 per cent per annum since July 1, 1915, together with the costs in the district court, but neither party should recover costs in this court.

PER CURIAM. In this action a rehearing was ordered. On the reargument defendant contended that the former decision is erroneous:

1. Because it modifies the judgment appealed from, in this, that it finds that the defendant is not entitled to the $900 allowance for damages which was made by the trial court.

2. Because it fails to allow the defendant a credit for $803.29, which it is contended the plaintiff was overpaid by the Linden Investment Company in the action in the United States district court. In other words, it is contended that the judgment of this court should be that proposed in the dissenting opinion.

The majority members have again considered the evidence in the case, and it may not be amiss to make further reference to some of the facts which were not alluded to in the former opinion.

In the fall of 1908, the plaintiff company was engaged in constructing an elevator for the Farmers Elevator Company, at Langdon, in which city the defendant Donovan resides. Donovan, who was secretary of the Linden Investment Company, approached Arthur E. Honstain, who represented the plaintiff and was in charge of the construction of the elevator at Langdon, to ascertain if the plaintiff company would build an elevator for the Linden Investment Company at Wales, North Dakota. Donovan stated that he wanted an elevator at Wales exactly like the one which was being constructed at Langdon, except that the Wales elevator was to be of smaller capacity. The Langdon

elevator was supposed to be of 60,000 bushels capacity, and Donovan stated that he wanted only a 40,000 bushel capacity house. Honstain stated to Donovan that he believed he had some plans in his trunk of an elevator of the kind and size suggested. The plans were produced and a contract was made between the plaintiff company and the Linden Investment Company for the construction of the Wales elevator according to such plans and specifications. A written memorandum of agreement was thereupon entered into. The plans and specifications were attached to and made a part of the agreement. The written agreement, among other things, provided that "it is understood and agreed that Linden Investment Company are to have an authorized representative on the ground, as soon as the building is completed, to inspect and receive the same." Donovan indorsed upon the back of one of the pages of the specifications the following written statement with an indelible pencil: "It is understood and agreed that these plans and specifications are a duplicate of the elevator that the Honstain Brothers Company are now building in Langdon for the Farmers Elevator Company, except that the Farmers Elevator is to be 60,000 bushels capacity and the elevator for the Linden Investment Company is to be 40,000 capacity."

While the Wales elevator was being constructed, Donovan arranged with the plaintiff to build an elevator at Mowbray. It was understood that the Mowbray elevator was to be exactly like the Wales elevator, and that the plans and specifications and the contract relative to the Wales elevator should govern as to the Mowbray elevator, with the exception of certain specified additional freight charges which it was understood the plaintiff was to be paid. The elevators were both constructed and turned over to the possession of their respective owners in October, 1908. Certain payments were made upon both elevators, but substantial amounts remained unpaid. It appears from certain correspondence in evidence that the plaintiff, from time to time, requested payment of the balance claimed due. It is undisputed that in the early part of November, 1908, Donovan, at plaintiff's office in Minneapolis, Minnesota, paid to it $4,000, and indicated that the balance would be paid soon. Under date of December 24, 1909, he wrote in effect promising payment soon. Shortly thereafter the plaintiff company

served notice of intention to file mechanics' liens, and later filed such liens.

It appears that the plaintiff supposed that both elevators were built for the Linden Investment Company, and it filed liens against that company. Later plaintiff commenced an action against the Linden Investment Company in the United States district court of this district for the foreclosure of the two liens. The Investment Company, by way of defense, asserted that it had not contracted for and that the Mowbray elevator had not been built for it; that the Wales elevator did not comply with the construction contract for various reasons, among others, that it did not have a 40,000 bushel capacity. Upon the trial in the Federal court, and upon the trial of this action, the defendant Donovan testified that the Mowbray elevator was built under a contract with him as an individual, and not as an officer of the Linden Investment Company. The trial in the Federal court resulted in a judgment in favor of the plaintiff foreclosing both liens, but allowing a deduction upon the two elevators in the sum of $1,270, by way of damages for failure to construct the elevator according to contract. An appeal was taken to the circuit court of appeals. In the decision rendered in the case, the circuit court of appeals said: "This is an appeal from a decree of foreclosure of two mechanics' liens upon two elevators in North Dakota, situated respectively at Wales and at Mowbray. It is based upon a complaint upon two separate causes of action,—one for the foreclosure of an alleged mechanic's lien upon the Wales elevator, and the other for the foreclosure of a mechanic's lien upon the Mowbray elevator. Each cause of action is entirely separate and independent of the other. It is conceded in this court that there was no error in that part of the decree which establishes and forecloses the alleged mechanic's lien upon the Wales elevator, but the portion of the decree which adjudges the defendant below, the Linden Investment Company, a corporation, indebted to the plaintiff below, Honstain Brothers Company, a corporation, on account of the Mowbray elevator, establishes a mechanic's lien upon it, and adjudges a foreclosure thereof, is assigned as error." 136 C. C. A. 121, 221 Fed. 179.

The circuit court of appeals sustained the contention of the Investment Company, with the result that the judgment of the district court as to the first cause of action was affirmed, but reversed as to the second

cause of action. Upon the cause being remanded to the trial court, judgment was entered in conformity with the order of the circuit court of appeals, foreclosing the lien against the Wales elevator, but dismissing the second cause of action, that is, the cause of action for the foreclosure of the mechanic's lien against the Mowbray elevator. The plaintiffs thereupon brought this action to foreclose the latter lien, in the district court of Cavalier county.

As stated in the former opinion in this case, the plans and specifications under which the elevator was constructed gave the dimensions of the same, and every part thereof, in detail. It gave the number of sizes of the bins. At the time the Mowbray elevator was being constructed, one Powers, Donovan's partner, was present to inspect the job. No complaint or suggestion was made that the elevator was of insufficient capacity. It was not a difficult matter to determine what the capacity was. This is demonstrated quite graphically by Donovan's own testimony. He said: "Well, it will hold between 32,000 and 83,000 bushels, as much as you can put into it, or taking all the ways that we had of determining how much it would hold by the three methods which I have named. *The plans speak for themselves and it doesn't require much of a scholar to compute it.*" The defendant received the elevator and operated it through his representative. Under the terms of the memorandum agreement Donovan was supposed to "have an authorized representative on the ground as soon as the building (was) completed, to inspect and receive the same." He had a representative there. The building was received and put to its intended use. There was no complaint until after the mechanics' liens had been filed. And, according to Donovan's own explanation, the provision which he wrote on the back of one of the pages in the specifications was written there primarily to insure that the elevator would be, as far as possible, a duplicate, on a smaller scale, of the elevator at Langdon. He explained as his reason for this that he knew that the plans for that elevator had been carefully considered by a committee selected for that purpose. Hence, he was willing to, and desired to, have a similar but smaller elevator. The reference to the capacity seems to have been incidental, and for descriptive rather than for other purposes. Nowhere does it appear that any particular stress was laid on the capacity,—and of course, as Donovan well said, "The plans

speak for themselves and it (didn't) require much of a scholar to compute" the capacity. It would seem that when the building was turned over, and accepted, Donovan got precisely the building he expected to get when he contracted; and that in any event, under all the circumstances, he should be deemed to have waived all objections. We adhere to the conclusion reached in the former opinion on this phase of the case.

But it is asserted that it appears that the judgment rendered by the Federal court for the foreclosure of the lien against the Wales elevator was in fact for more than was actually due on the account, and that when the Linden Investment Company paid that judgment it paid the plaintiff company $803.39 more than was owing for the construction of such elevator. And it is contended that the defendant Donovan should be allowed the benefit of such overpayment in this case. Of course the Linden Investment Company and Donovan are two separate persons. This was asserted to advantage in the action in the Federal court. And it will be noted that the decision of the circuit court of appeals specifically pointed out that that action was "based upon a complaint upon two separate causes of action,—one for the foreclosure of an alleged mechanic's lien upon the Wales elevator, and the other for the foreclosure of a mechanic's lien upon the Mowbray elevator. *Each cause of action is entirely separate and independent of the other.*" The evidence taken in the Federal court was also submitted by stipulation upon the trial of this action, and it appears therefrom that the matter of amounts and application of payments was gone into quite fully.

It seems clear that if the Federal court made a mistake, and rendered judgment against the Linden Investment Company for too large an amount, that fact cannot avail the defendant Donovan in this action. The Linden Investment Company is not a party to this appeal. It was, however, a party to the action in the court below. It appeared and interposed an answer, and upon the trial was represented by the same counsel who appeared for Donovan. The answer contained no averment that there was any mistake in the judgment of the Federal court, or that the Linden Investment Company had in any manner overpaid the plaintiff. The answer did, however, plead with considerable detail the facts relative to the suit in the Federal court, and the judgment rendered

therein, and averred that, by reason of said judgment the plaintiff "is estopped and foreclosed from further litigating said question (the question of liability of the Linden Investment Company for the construction of Mowbray elevator), or any question in this case."

We adhere to the conclusions reached in the former decision.

CHRISTIANSON, Ch. J., and ROBINSON and GRACE, JJ., concur.