## MOBILE SHIPBUILDING CO. v. FEDERAL BRIDGE & STRUCTURAL CO.

(Circuit Court of Appeals, Seventh Circuit. February 25, 1922. Rehearing Denied April 5, 1922.)

No. 3001.

1. **Judgment ⬤➡160—Affidavits as to defense on merits held insufficient to require opening default.**

Where the court gave defendant repeated opportunities to present affidavits showing a defense to the merits, the first affidavits being based only on information and belief, and the subsequent affidavits showed. contrary to defendant's claim, that it had assumed the obligation of the contract sued on, there was no error or abuse of discretion in the refusal to open the default.

2. **Contracts ⬤➡187(1)—Suit on assumption of contract can be maintained by other party to original contract only in equity.**

At common law, as interpreted by the federal courts, a party to a contract which had been assigned by the other party to a stranger, who assumed to perform the other party's obligations, could not maintain an action at law on the assumption of the obligation, but could maintain a suit in equity.

3. **Contracts ⬤➡175(1)—Presumed to have been made in common-law jurisdiction.**

In the absence of any showing to the contrary, the court will presume that the contract in suit was made in a common-law jurisdiction.

4. **Courts ⬤➡372(4)—Federal courts are not bound by state court's interpretation of common law.**

The federal court in an action brought therein is not bound, in determining the rights of the parties, by the interpretation placed upon the common law by the courts of the state where the contract was made, but will determine the common law independently of the holding of the state court.

5. **Appeal and error ⬤➡883—Defendant, consenting to trial at law, waives objection remedy was in equity.**

A defendant, who consented to the trial at law of an action brought against him on his assumption of the obligation of a contract made between plaintiff and defendant's assignor, waives his right to object that plaintiff's remedy was by suit in equity, and the judgment for plaintiff will not be reversed under equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv), authorizing transfer of causes to the law side of the court when they are erroneously brought as suits in equity, and Act March 3, 1915, § 274b (Comp. St. § 1251b), permitting equitable defenses in actions at law, and authorizing the appellate courts on review, either by appeal or writ of error, to render such judgment on the record as law and justice shall require, especially where a jury was waived and the facts found by the trial court, who would also find. the facts if the judgment were reversed and the cause transferred to the equity side.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action at law by the Federal Bridge & Structural Company against the Mobile Shipbuilding Company. Judgment for plaintiff, for $149,-301.70, with interest and costs, and defendant brings error. Affirmed.

E. E. Jacobson, for plaintiff in error.

Amos C. Miller, of Chicago, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

EVANS, Circuit Judge. Describing the parties as they appeared in the District Court, it appears that plaintiff brought this action to recover damages for defendant's failure to carry out a contract which had been negotiated with the Kelly-Atkinson Construction Company, and which had been assigned to defendant. This contract provided for the fabrication by the plaintiff of all the structural material necessary for the completion of 18 composite cargo-carrying steamers for the United States Shipping Board Emergency Fleet Corporation. It was charged that defendant agreed to "assume, keep, and perform all the terms of said contract on the part of said Kelly-Atkinson Construction Company to be kept and performed."

Plaintiff fabricated the material for 6 of such steamers, for which it was paid. Defendant then canceled its contract, and plaintiff sought by this action to determine and recover its damages. Defendant defaulted, but subsequently moved to set aside the default, and to file its pleas and affidavit of merits. The motion was denied, on the ground that the supporting affidavit was insufficient; but leave was granted to renew the motion, if satisfactory supporting affidavits were presented. Availing itself of the opportunity thus presented, defendant renewed its motion and sustained its application by affidavits of an officer and an engineer of the Kelly-Atkinson Construction Company. These affidavits, instead of supporting the defendant's contention, tended strongly to establish the plaintiff's allegations. The motion to open the default was therefore denied, and counsel thereafter stipulated "that a jury shall be waived in said cause, and the cause submitted to the court for the assessment of damages." Upon the issue of damages much evidence was received, supplemented by numerous exhibits, which contained a mass of figures on costs, maintenance charges, equipment expenses, etc. Defendant attacked plaintiff's figures on the ground that much of the loss indicated might have been avoided, had the plaintiff devoted its plant to other construction work, etc.

The court, while making no special finding, found "the issues for the plaintiff and assessed the plaintiff's damages at the sum of $149,-301.70." Our examination of the testimony convinces us that there was ample evidence to support the amount of damages fixed by the court. It would serve no useful purpose to go into the mass of figures to sustain this conclusion. There was evidence tending to show that plaintiff's damages exceeded the amount of recovery, and we conclude the trial judge did not err in making its determination.

[1] We have likewise examined the record to determine whether defendant was erroneously denied its motion to open the default. It appears that defendant was granted repeated opportunities to present affidavits of merits in support of its plea; that several such affidavits were on information and belief, and disclosed no personal knowledge on the part of the affiant. Finally, however, defendant presented the affidavits of certain officers of the Kelly-Atkinson Construction Company, and these affidavits showed that defendant assumed the obligations due plaintiff under the contract. There was, therefore, clearly no error or abuse of discretion on the part of the court in adjudging defendant in default.

Defendant's liability turned upon its assumption of the obligations of the Kelly-Atkinson Construction Company under its written contract with plaintiff. While the court was justified in recognizing the action as a default, we do not agree with plaintiff's counsel that a cause of action sufficient to support an action at law was disclosed. Plaintiff's position, to quote its own language is:

"The declaration was based, not upon a novation, but upon the assumption by defendant of the liability of the Kelly-Atkinson Construction Company under the contract of August 11, 1917, upon which contract of assumption the plaintiff, though it was not a party thereto, is permitted to sue."

Respecting its legal position counsel further says:

"The law is well settled, it is true, that in England and in certain jurisdictions in this country the assumption by C. of the obligations in a contract between A. and B. does not create a liability from C. to A.; but the law in Illinois is just the contrary, and the federal courts will follow the decisions of Illinois in this respect."

If this position be sustained, then an affirmance of the judgment necessarily follows. It must be admitted that in most jurisdictions, upon facts similar to those disclosed in this case, A. may sue C. in an action at law and recover. For collection of cases, see Williston on Contracts, vol. 1, § 381; 9 Cyc. 378. That he cannot do so in all of the states must also be recognized. See Williston on Contracts, supra, and 9 Cyc. 375.

[2] The federal courts have taken the position that such a liability cannot be enforced in an action at law. National Bank v. Grand Lodge, 98 U. S. 123, 25 L. Ed. 75; Cragin v. Lovell, 109 U. S. 194, 3 Sup. Ct. 132, 27 L. Ed. 903; Willard v. Wood, 135 U. S. 309, 10 Sup. Ct. 831, 34 L. Ed. 210; Constable v. National Steamship Co., 154 U. S. 51, 14 Sup. Ct. 1062, 38 L. Ed. 903; German Alliance Ins. Co. v. Home Water Supply Co., 226 U. S. 220, 33 Sup. Ct. 32, 57 L. Ed. 195, 42 L. R. A. (N. S.) 1000; Goodyear Shoe Machinery Co. v. Dancel, 119 Fed. 692, 56 C. C. A. 300. Liability may be enforced, however, in a suit in equity. Keller v. Ashford, 133 U. S. 610, 10 Sup. Ct. 494, 33 L. Ed. 667; Union Life Ins. Co. v. Hanford, 143 U. S. 187, 12 Sup. Ct. 437, 36 L. Ed. 118; Johns v. Wilson, 180 U. S. 440, 21 Sup. Ct. 445, 45 L. Ed. 613; Dancel v. Goodyear Shoe Machinery Co., 144 Fed. 679, 75 C. C. A. 481.

[3] We have searched the record in vain for any evidence disclosing the situs of the execution of the contract between defendant and the Kelly-Atkinson Construction Company. In the absence of any showing to the contrary, the court will presume that the contract was made in a common-law jurisdiction.

[4] However, even if it were shown that the contract was made in Illinois, the federal court in an action brought therein, in determining the rights of the parties, will not be bound by the interpretation placed upon the common law by the courts of Illinois, but will determine the common law independently of the holdings of such state courts. Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; Liverpool Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788.

[5] But does it necessarily follow that, because a demurrer to the

declaration might have been sustained, we must reverse the judgment here rendered? The case was fully tried by the court without a jury. The facts respecting liability are not in serious dispute. The parties have fully and fairly litigated the question of damages. If we were to reverse the judgment, it would not be with directions to dismiss, but to transfer the cause from the law to the equity side of the calendar. The district judge who presided over the law action would sit as chancellor in the equity suit, and upon the same evidence no doubt make the same findings. Unless required by the rules and the established precedents, we are unwilling thus to pay tribute to form. Many of the federal cases referred to were decided prior to the announcement and general application of the equity rules.

Rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv) reads:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side and be there proceeded with, with only such alteration in the pleadings as shall be essential."

Under this rule it has frequently been held that the court does not lose jurisdiction of the cause because of the failure of the litigants to pursue the proper remedy. Where a suit in equity is brought and relief cannot be granted because the litigant has an adequate remedy at law, the court retains the jurisdiction and gives the complainant an opportunity to recover in an action at law. Goldschmidt Thermit Co. v. Primos Chemical Co. (D. C.) 225 Fed. 769; Wineman & Sons v. Reeves, 245 Fed. 254, 157 C. C. A. 446; Fay v. Hill, 249 Fed. 415, 161 C. C. A. 389; Equitable Trust v. Ry. Co., 250 Fed. 327, 162 C. C. A. 397; American Falls Milling Co. v. Standard Brokerage & Distributing Co., 248 Fed. 487, 160 C. C. A. 497; Brown v. Kossove, 255 Fed. 806, 167 C. C. A. 134; Pierce v. Nat. Bk. of Commerce in St. Louis (C. C. A.) 268 Fed. 487. In Chicago Bonding & Surety Co. v. U. S. et al., 261 Fed. 266, this court held:

"Citing Illinois Surety Co. v. U. S., 240 U. S. 214, 36 Sup. Ct. 321, 60 L. Ed. 609, appellant insists that only an action at law is permissible, and therefore we should reverse the decree, with direction to dismiss the bill for want of jurisdiction or want of equity. The United States, for the use of claimants, began its pursuit of appellant by an action in debt. But, conceiving that a suit in equity was necessary, or at least more adequate, plaintiff moved to transfer the cause to the chancery side. Transfer was made without objection. After appellant had answered the bill and intervening petitions without raising any objection to a trial in chancery, counsel for plaintiff noticed the then recent decision above cited, and moved to transfer the cause back to the law side. In opposing the motion appellant made the following record: 'Chicago Bonding & Surety Company, being present in court by its solicitor, objects to said transfer, and now consents to this cause remaining on the equity side of the court.' Whereupon plaintiff's motion was denied. Without moving for a transfer to the law side, appellant participated in the trial before the master, and then objected to the report on the ground that plaintiff had an adequate remedy at law. Plainly the assignment of error based on the overruling of that objection is unavailable. The District Court, on one side or the other, had jurisdiction of the subject-matter, and the parties were before it. Appellant was heard by the court without a jury, as its solicitor insisted it should be heard. If the recited entry is not formally sufficient as a waiver of jury trial, at least that entry and appellant's conduct thereunder suffice to stop appellant from blowing hot and cold. Sanders v. Riverside, 118

Fed. 720, 55 C. C. A. 240; Illinois Surety Co. v. U. S., 215 Fed. 334, 131 C. C. A. 476; U. S. v. Illinois Surety Co., 226 Fed. 653, 141 C. C. A. 409; Reynes v. Dumont, 130 U. S. 354, 9 Sup. Ct. 486, 32 L. Ed. 934."

The practice thus announced is reaffirmed, and we are disposed to carry it still further. In view of the apparent purpose of this rule 22 and of the decisions thereunder, we feel justified in announcing that a defendant who either requests or consents to a trial of controverted issues in an action at law, when he could have transferred the cause to one in equity, thereby waives his right to later object to the disposition of the controversy in an action at law. Especially should this rule prevail where, on the trial of the law action, the parties waive a jury and the judge becomes the trier of the facts as well as of the law.

A situation somewhat analogous to that in the instant case is presented where a litigant challenges the venue of the court. It is elementary in such a case that defendant's consent or his general appearance constitutes a waiver. So in the present case the court had jurisdiction of the action on one side of the court or the other. Defendant was not entitled to have the action dismissed, but the court, had the defendant so requested, might have transferred it to the equity side and proceeded to a final hearing. Defendant did not see fit to object. At no time was it suggested to the District Judge that defendant wished the issues involved heard and disposed of in an equity suit. Every plea filed by defendant indicated its desire to have the matters litigated in an action at law. It joined in a stipulation to waive a jury and proceeded to a hearing on the merits. It should not now be heard for the first time to challenge the District Court's right to proceed as was here done.

Further support for this position may be found in section 274b, c. 90, Act March 3, 1915 (Comp. St. § 1251b). This section reads:

"That in all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense or seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

It has been held that the effect of this statute is to "substantially abolish all technical distinctions between proceedings at law and in equity." U. S., to use of Morris, v. Richardson, 223 Fed. 1010, 139 C. C. A. 386. Whether such a conclusion is entirely justifiable or not we need not determine. It is apparent, however, that Congress by the last two sentences intended to extend the authority of the appellate court so that such judgments may be entered "as law and justice shall require." See, also, section 269, Judicial Code (Comp. St. Ann. Supp. 1919, § 1246). It may be added that no assignment of error fairly presents this question, but we have nevertheless fully considered it.

The controversy having been fully and fairly heard and the court,

with the consent of the parties, having disposed of the merits of the controversy, and having rendered a judgment which meets with our approval, we conclude that the judgment should be, and it is, hereby affirmed.