REID ICE CREAM CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37051. Promulgated November 17, 1931.

824

D. B. Priest, Esq., for the petitioner.

B. U. Steele, Esq., and Miles J. O'Connor, Esq., for the respondent.

OPINION.

TRAMMELL: No question is raised by petitioner as to the correctness of the amount of the unpaid income taxes of the Polar Products Company, the only issue raised being as to the existence of a liability on its part as transferee of the assets of that company. Petitioner contends that the contract under which these assets were acquired and the agreement of indemnity given the seller did not place upon it a libility to pay this tax due upon income accruing to the seller from the sale of these assets. It is insisted by petitioner that the debts of the selling corporation which it is obligated to pay are only such debts as arose through the usual and customary operations of the company in transaction of its business. Petitioner further contends that even though the debt in question was one for which it was obligated under its contract, it is a liability under contract and not as a transferee and is not such a liability as is contemplated by section 280 of the Revenue Act of 1926.

In the distribution made by the transferor of the cash consideration received, no part thereof was received by petitioner or its stockholders. It follows that no liability exists on its part for the unpaid debts of the transferor and arising merely from the receipt of the assets by it and distribution of the cash consideration by the seller. *Fostoria Milling & Grain Co.*, 11 B. T. A. 1401. If it has a liability, it is one specifically assumed and upon this point we do not agree with petitioner's contention that a liability assumed by contract in acquisition of assets is not a liability as transferee in contemplation of section 280 of the Revenue Act of 1926. We can see no distinction in so far as the liabilities contemplated by that section are concerned, between one attaching to transferred property by reason of the circumstances of the transfer and one attaching by reason of specific agreement as a condition of such transfer. In fact, if petitioner has agreed to pay the income tax for 1925 as one of the considerations for the transfer of the taxpayer's assets, it has not

paid the full consideration until it satisfies such obligation and may not, until such condition is met, claim immunity from liability as a purchaser for value.

The issue here presented appears to us to turn upon whether this petitioner has in fact assumed a liability for the Polar Products Company income taxes for the calendar year 1925, including such portion of that tax as may have accrued by reason of the receipt by that corporation of income from the sale of its assets.

The determination of this question is by ascertainment of the actual intent of the parties as evidenced by the contract of purchase and sale and the contract of indemnity, considered together and in the light of the conditions which they were executed to meet. *Huyler's* v. *Ritz Carlton Restaurant & Hotel Co.*, 1 Fed. (2d) 491; *Metropolitan Securities Co.* v. *Ladd*, 173 Fed. 269.

Petitioner's counsel calls our attention to certain excerpts from these agreements as indicating a limitation upon the liability for debts assumed by petitioner beyond the specific limitation set out in respect of tax liabilities of the Polar Products Company for periods prior to the calendar year 1924, and were we to consider these portions of the contracts alone there would be weight in petitioner's contention. However, when the two instruments are considered as a whole, we must reach the conclusion that the agreement of the parties as evidenced thereby was that the seller or its stockholders would pay all taxes in respect to transactions prior to the calendar year 1924, and that the purchaser would pay all liabilities, including income taxes, arising out of matters transpiring in the year 1924 and that portion of the year 1925 beginning on January 1 and ending on the date the selling corporation ceased to do business, the contract contemplating that this should immediately follow the transfer of the assets and receipt of the consideration, and the record shows that it did so follow, the only additional act of the selling corporation being the distribution to its stockholders of the proceeds of the sale.

It must have been apparent to the parties to this agreement that the seller, before the cessation of business provided for, would be in receipt of the proceeds of the sale and would have to account for any income represented thereby. Petitioner insists that the tax upon such income was not intended to be assumed by it, but under the contract the exception to its general assumption of liability for debts placed upon the selling corporation only responsibility for income taxes arising from transactions prior to the calendar year 1924.

Our conclusion is that under the contract of February 7, 1925, and the agreement of indemnity of February 16, 1925, petitioner assumed the payment of the tax liability here in question and, the taxpayer having ceased business and having no property, that liability is one

enforceable by the United States against petitioner. *Keller* v. *Ashford*, 133 U. S. 610; *Silver King Coalition Mines Co.* v. *Silver King C. M. Co.*, 204 Fed. 166; *Dancel* v. *Goodyear Shoe Machinery Co.*, 137 Fed. 157; *Mobile Shipbuilding Co.* v. *Federal Bridge & Structural Co.*, 280 Fed. 292.

Reviewed by the Board.

*Judgment will be entered for the respondent.*